J-S56020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KRISTA M. DZIEDZIC | |
| Appellant | No. 2189 MDA 2013 |

Appeal from the Judgment of Sentence of November 5, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0004424-2012

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED OCTOBER 17, 2014**

Krista Dziedzic appeals her November 5, 2013 judgment of sentence. We remand this case for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

In March 2011, Dziedzic was receiving benefits from the Department of Public Welfare pursuant to the Supplement Nutrition Assistance Program. Around the same time, Dziedzic began employment with Human Services, Incorporated.  When it came time to renew her application for benefits with the Department of Public Welfare, Dziedzic failed to indicate on the renewal form that she was employed by and receiving income from Human Services, Inc.  As a result of her failure to provide the Department of Public Welfare

---

[*]     Retired Senior Judge assigned to the Superior Court.

with accurate information, Dziedzic ultimately received $1,766 in benefits to which she was not entitled. Once the Department of Public Welfare became aware of the overpayment, Dziedzic was charged with one count of false statements pursuant to 62 P.S. § 481(a).[1]

Dziedzic initially was represented by counsel. However, prior to trial, counsel sought, and was granted, permission to withdraw as counsel. Dziedzic represented herself at a subsequent jury trial, after which she was convicted of the crime. Dziedzic was sentenced by the trial court to serve one year of probation, and to pay restitution in the amount of $1,766.

The trial court instructed Dziedzic that she could file post-sentence motions within ten days, or a direct appeal within thirty days of the date of sentence. With regard to counsel on appeal, the trial court directed Dziedzic to the public defender's office. However, Dziedzic explained that, because of the amount of money that she received through unemployment benefits, the public defender's office had rejected her. The trial court then instructed

_____

[1]    The crime of false statements in this context is defined as follows:

> Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation or by wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).

62 P.S. § 481(a).

Dziedzic that the court's advice "would be to try to find someone to help you with this appeal, but I understand the circumstances. You know the deadlines in which you have to take action if that's what you wish to do." Notes of Testimony, 11/5/2013, at 204. No other discussions or inquiries were conducted on the record.

Dziedzic now presents to this Court a *pro se* brief that presents eleven issues for our review, but is defective in a number of substantial ways. The Commonwealth has filed a motion with this Court requesting that we quash the brief due to those defects. However, before we can continue with an analysis of the claims raised in the brief, or decide whether we should consider the brief at all, we first must consider a deficiency in the certified record that renders this Court unable to address the merits of the issues presently raised by Dziedzic. As noted, Dziedzic appears before this Court *pro se*. However, there is no indication in the certified record that Dziedzic ever made a knowing, intelligent, and voluntary waiver of her right to counsel on appeal pursuant to **Grazier**. Thus, we are constrained to remand this case for proceedings consistent with the following discussion.

A criminal appellant has a constitutional right to counsel on direct appeal. **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007). Pursuant to **Grazier**, "[w]hen a waiver of the right to counsel is sought at . . . the appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82. A **Grazier** hearing is required before we may adjudicate an appeal

even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself," ***Commonwealth v. Robinson***, 970 A.2d 455, 459-60 (Pa. Super. 2009), and even when neither of the parties challenges the lack of a hearing. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Instantly, the trial court advised Dziedzic only that she should "try to find someone to help you with this appeal." The court did not inquire, in accordance with Pa.R.Crim.P. 121(A)(2) (setting forth the relevant considerations for determining whether a criminal litigant is making a knowing, intelligent, and voluntary decision to proceed *pro se*), whether Dziedzic desired to waive her right to counsel in this direct appeal, and, if so, whether that decision was knowing, intelligent, and voluntary. In light of the unequivocal authority cited above, we are constrained to remand this case for a proper ***Grazier*** hearing, including a full consideration of the factors set forth at Pa.R.Crim.P. 121(A)(2). On remand, the trial court must confront this deficiency by holding a ***Grazier*** hearing and appointing counsel, if necessary. The remand may change the content and character of this appeal substantially, requiring the issuance of new orders and opinions, as well as the preparation of new briefs that may necessitate discussion of new issues raised by counsel, or by Dziedzic herself. Thus, we remand this

case for proceedings consistent with the foregoing, and we relinquish our jurisdiction. **See Robinson**, 970 A.2d at 460; **Stossel**, 17 A.3d at 1291.

Case remanded. Jurisdiction relinquished.[2]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2014

_____

[2] Because we remand this case for a **Grazier** hearing, which could produce entirely different issues and briefs, we deny the Commonwealth's motion to quash Dziedzic's brief as moot at this time.