J-S39025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOVON JAVAR DESHIELDS, | |
| Appellee | No. 1768 MDA 2015 |

Appeal from the PCRA Order October 6, 2015
in the Court of Common Pleas of York County
Criminal Division at Nos.: CP-67-CR-0002392-2012
CP-67-CR-0002393-2012
CP-67-CR-0006613-2010

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 06, 2016**

The Commonwealth appeals from the order granting the petition filed by Appellee, Jovon Javar DeShields, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court's order vacated its prior decision denying Appellee's petition, and reinstated his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court *nunc pro tunc*.  We affirm.

The PCRA court aptly set forth the background facts and procedural history of this matter in its October 6, 2015 opinion.

> [Appellee] was convicted of attempted murder, two counts of aggravated assault, possession of a firearm by a minor, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

carrying a firearm without a license following a jury trial on June 20, 2012. [He] was sentenced to twelve to twenty-four years['] incarceration, followed by five years [of] probation on other charges. [Appellee's] trial attorney was Ronald Gross, Esquire ("Gross"). Gross filed post-sentencing motions and a timely appeal to the Superior Court. [Appellee's] sentence was affirmed by the Superior Court on April 19, 2013. [(**See Commonwealth v. DeShields**, 75 A.3d 559 (Pa. Super. 2013) (unpublished memorandum)).] Gross did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, which forms the basis of the instan[t] PCRA.

[The PCRA c]ourt held a hearing on the PCRA [petition] on August 11, 2015. At the hearing, Gross testified that he had an oral agreement with [Appellee's] family to file the Superior Court appeal, which was not reduced to writing. When [Appellee's] sentence was affirmed by the Superior Court, Gross wrote to [him] on April 19, 2013, notifying him of the affirmance and stated:

> Unfortunately the Superior Court denied your appeal so you are stuck doing the time. The next step in the appeal could be the request to the Supreme Court to hear the case but the chances [of] that occurring are slim based [on] the Superior Court already affirming the conviction and there is not a dispute in the law about the issue raised.

The letter did not address whether or not Gross was actually going to file the discretionary appeal; did not notify [Appellee] that he had thirty days to file it if Gross was not continuing to represent him; nor that [Appellee] could apply for a public defender to pursue the appeal if Gross did not continue representation. This letter was Gross' last direct communication with [Appellee].[a] [Appellee] assert[ed at the hearing] that he wanted to continue the appeal process and believed that Gross would pursue the petition for allowance.

> [a] [Appellee] was seventeen years old when he was tried as an adult, and was eighteen years old when he received this communication from [] Gross.

During the thirty-day window in which the petition for allowance could have been filed, Gross testified that he spoke to [Appellee's] family every other week. Although having regular

- 2 -

contact with [Appellee's] family, Gross could not recall whether or not he notified the family that he would not be filing the petition of allowance. A few months later, [Appellee's] [m]other contacted Gross to follow up on the status of the appeal. Gross notified [her] that the time to [file] the petition had passed and the appellate right was lost. The thirty-day window to file the petition for allowance closed on May 19, 2013.

On September 9, 2013, [Appellee] filed a [*pro se*] petition to reinstate his appellate rights, *nunc pro tunc*, raising the issue of ineffective assistance of counsel based on Gross's failure to file the petition for allowance. [Appellee] aver[red] that [thirty] [days] after filing the petition, the [p]rothonotary informed Gross about it as Gross was still listed as attorney of record. Gross took no action on the petition. On December 30, 2013, [Appellee] again filed the same petition with the [c]ourt. The next day, Gross filed a petition to withdraw as counsel. The [c]ourt granted leave to withdraw on January 8, 2014.

[Appellee] . . . again re-filed the [*pro se*] petition on January 22, 201[4]. The [c]ourt denied the petition by [o]rder dated May 7, 2014, without appointing PCRA counsel or notifying [Appellee] of the dismissal pursuant to Pa.R.Crim.P. 907. [Appellee] did not appeal the May 7, 2014 [o]rder. Approximately seven months later, private counsel, Mark K. McCullough, Esquire, ("PCRA counsel") enter[ed] his appearance on [Appellee's] behalf and filed [a] counseled [untimely] PCRA to [r]einstate [a]ppellate [r]ights on December 22, 2014. PCRA counsel raise[d] the same arguments as [Appellee's] January 22, 2014 [*pro se*] petition, *i.e.*, that Gross was ineffective for failing to file for discretionary review. PCRA counsel also filed a "[s]upplement" to the PCRA [petition] on June 4, 2015, reiterating similar arguments, and now linking them with Gross's temporary suspension from the practice of law, which occurred during the pendency of the instant PCRA.

After the PCRA hearing, the [c]ourt provided the parties time to supplement their legal argument, specifically addressing whether the [c]ourt has jurisdiction to rule on [a] facially untimely PCRA. . . .

(PCRA Court Opinion, 10/06/15, at 1-4) (most footnotes omitted). On

October 6, 2015 the PCRA court vacated its May 12, 2014 order denying

Appellee's January 22, 2014 petition on the basis that it had failed to appoint

PCRA counsel, and it granted Appellee's PCRA petition for leave to appeal to

the Pennsylvania Supreme Court *nunc pro tunc*.  The Commonwealth timely

appealed.[1]

The Commonwealth raises two questions for our review.

I.      Whether the [PCRA] court lacked jurisdiction on October 6,
        2015 to reinstate [Appellee's] *allocatur* rights for his direct
        appeal where [Appellee's] instant PCRA petition was
        jurisdictionally untimely?

II.     [Whether] the PCRA court erred in vacating the final-
        unappealed order denying [Appellee's] first timely PCRA
        petition over a year after it was issued, in a subsequent
        untimely PCRA petition[?]

(Commonwealth's Brief, at 4) (unnecessary capitalization omitted).

This Court examines PCRA appeals in the light most
favorable to the prevailing party at the PCRA level.  Our review
is limited to the findings of the PCRA court and the evidence of
record[.]  Additionally, [w]e grant great deference to the factual
findings of the PCRA court and will not disturb those findings
unless they have no support in the record.  In this respect, we
will not disturb a PCRA court's ruling if it is supported by
evidence of record and is free of legal error.  However, we afford
no deference to its legal conclusions.  [W]here the petitioner
raises questions of law, our standard of review is *de novo* and
our scope of review is plenary.

_____

[1] On November 2, 2015, the Commonwealth filed a timely statement of
errors complained of on appeal pursuant to the court's order.  **See** Pa.R.A.P.
1925(b).  The PCRA court filed an opinion on November 6, 2015 in which it
relied on the reasons stated in its October 6, 2015 opinion.  **See** Pa.R.A.P.
1925(a).

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

It is well-settled that:

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellee's judgment of sentence became final on May 19, 2013, thirty days after we affirmed his judgment of sentence, and no petition for allowance of appeal was filed in the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on December 22, 2014, is untimely on its face, and we lack jurisdiction to consider its merits, unless he pleads and proves one of the statutory exceptions to the time-bar.

Here, Appellee did not plead any timeliness exception in his PCRA petition; nor does he argue their applicability before this Court. (*See* PCRA Petition, 12/22/14, at unnumbered pages 1-5; Appellee's Brief, at 6-12). Instead, he maintains that the PCRA court properly treated his untimely petition as an amendment to his previously filed timely *pro se* petition. (*See* Appellee's Brief, at 6; PCRA Ct. Op., at 7-8). We agree.

> Pennsylvania law vests PCRA courts "with discretion to permit the amendment of a pending, timely-filed post-conviction petition...." *Commonwealth v. Flanagan*, 578 Pa. 587, 605, 854 A.2d 489, 499 (2004).

> > [T]he prevailing rule remains simply that **amendment is to be freely allowed to achieve substantial justice.** The [Pennsylvania Supreme] Court has recognized that adherence to such rules governing post-conviction procedure is particularly appropriate since, in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court.

> *Id.* at 605, 854 A.2d at 500 (emphasis added) (internal citations omitted). In the absence of a final ruling on a timely-filed first PCRA petition, another petition for post-conviction relief can be considered an amended first timely petition. *See Commonwealth v. Williams*, 573 Pa. 613, 828 A.2d 981 (2003) (holding *pro se* petitioner's subsequent PCRA petitions constituted amendments to timely-filed first petition; although petitioner filed *pro se* motion to withdraw first PCRA petition, court took no action on motion; thus, motion to withdraw first PCRA petition was without effect, first PCRA petition remained valid, and court could not find subsequent PCRA petitions untimely).

> Nevertheless, the PCRA also provides for the dismissal of a properly filed petition under certain circumstances:

> **§ 9543. Eligibility for relief**

* * *

**(b) Exception.**—Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. . . .

42 Pa.C.S.A. § 9543(b). Recently, our Supreme Court held that Section 9543(b) applies to delays in the filing of original **or** amended PCRA petitions[. ***See Commonwealth v. Renchenski***, 52 A.3d 251, 259 (Pa. 2012).[2]]

***Commonwealth v. Swartfager***, 59 A.3d 616, 619 (Pa. Super. 2012)

(emphasis in original); ***see also*** Pa.R.Crim.P. 905(A).

Here, the court vacated its May 12, 2014 order denying Appellee's *pro se* first PCRA petition on the basis that it had failed to determine whether

_____

[2] The Commonwealth relies on ***Renchenski*** in support of its argument that the court erred in treating the December 22, 2014 PCRA petition as an amendment of the timely filed *pro se* first PCRA petition because "the timeliness of amended PCRA petitions and *nunc pro tunc* petitions should be determined using the date of the subsequent filings, not the date the original PCRA petition was filed." (Commonwealth's Brief, at 14 (citation omitted)). The Commonwealth's reliance is not legally persuasive. In ***Renchenski***, the Pennsylvania Supreme Court allowed an appeal "to address the applicability of Section 9543(b) of the [PCRA] to delays in filing amended post-conviction petitions and the related issue of what obligation, if any, a petitioner has to move the litigation of his petition forward." ***Rechenski***, ***supra*** at 251. The Court concluded, in relevant part, that Section 9543(b) applies to both original and amended PCRA petitions and that, therefore, "**in certain instances of substantial delay, the prejudice suffered by the Commonwealth as a result of that delay**, as demonstrated at an evidentiary hearing, justifies dismissal of an original or amended petition." ***Id.*** at 260 (emphasis added). This is not applicable here where the requests for PCRA relief were filed less than a year apart, and the Commonwealth does not allege prejudice as the result of the delay. (***See*** Commonwealth's Brief, at 14-19).

Appellee was entitled to the appointment of counsel pursuant to Rule 904(C) of the Pennsylvania Rules of Criminal Procedure. (*See* PCRA Ct. Op., at 7-8, 10); *see also Commonwealth v. Stossel*, 17 A.3d 1286, 1288 (Pa. Super. 2011) (observing that "right to counsel unconditionally attaches[]" to first-time PCRA petitioner because, "[w]ithout the input of an attorney, important rights and defenses may be forever lost.") (citation omitted); Pa.R.Crim.P. 904(C). Therefore, there was no longer a final order on Appellee's first PCRA petition. The court then treated the counseled December 22, 2014 PCRA petition as an amendment to the timely filed, *pro se* first PCRA petition pursuant to *Swartfager*, which the Commonwealth does not argue prejudiced it, and we fail to see how it could in these circumstances. (*See* Commonwealth's Brief, at 14-19).

Therefore, because "the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice," and the Commonwealth has not been prejudiced, we conclude that the PCRA court properly exercised its discretion in treating Appellee's second PCRA as an amendment of his first, timely filed request for relief where its order denying the petition had been vacated. *Swartfager*, *supra* at 619 (citation omitted). The Commonwealth's first issue does not merit relief. *See* *Henkel*, *supra* at 20.

In its second issue, the Commonwealth argues that "the PCRA court erred in vacating the final-unappealed order denying [Appellee's] first timely

PCRA petition over a year after it was issued[.]" (Commonwealth's Brief, at 20) (unnecessary capitalization omitted). We disagree.

Pursuant to 42 Pa.C.S.A. § 5505, a court may modify or rescind its orders within thirty days of their being entered if no appeal has been taken. *See* 42 Pa.C.S.A. § 5505. However, "[a] trial court's inherent power of correction" extends beyond thirty days where there are "patent and obvious errors that appear on the face of an order, [and] extends to such errors that emerge upon consideration of information in the contemporaneous record." *Commonwealth v. Borrin*, 80 A.3d 1219, 1228 (Pa. 2013) (citation omitted).

In this case, the PCRA court vacated its May 12, 2014 order dismissing Appellee's PCRA petition to correct its error of failing to determine first if Appellee was entitled to the appointment of counsel. (*See* PCRA Ct. Op., at 7). We conclude that this was appropriate in light of the importance we attach to the right of a first time PCRA petitioner to assistance of counsel. *See Borrin*, *supra* at 1228.

The right to counsel in the PCRA setting is a rule-based and important one. *See Stossel*, *supra* at 1288. Pursuant to Rule 904(C), "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). Further:

      While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S.[A.] § 9545, a defendant's first PCRA petition, where the rule-based **right to counsel unconditionally attaches**, may well be the defendant's sole opportunity to seek redress for such errors and omissions. **Without the input of an attorney, important rights and defenses may be forever lost.**

\*     \*     \*

      . . . [T]he denial of PCRA relief **cannot stand** unless the petitioner was afforded the assistance of counsel. . . . Thus, we hold that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.

***Stossel***, ***supra*** at 1288, 1290 (citations and quotation marks omitted) (some emphases added; some emphasis in original).

      The Commonwealth argues that Appellee's failure to appeal the denial of his *pro se* PCRA petition resulted in waiver of any issues addressed by the court's order, which necessarily would include his request to appeal *nunc pro tunc* and the court's failure to appoint PCRA counsel. (***See*** Commonwealth's Brief, at 18-19). However, Appellee's procedural misstep is precisely the type of situation the Rules of Criminal Procedure seek to avoid by requiring the appointment of PCRA counsel for a first petition. ***See Stossel***, ***supra*** at 1288. Therefore, under the circumstances present here, we decline to find that any challenge to the denial of Appellee's *pro se* petition is waived for

- 10 -

review where he was not afforded his right to a hearing on whether he was entitled to the appointment of counsel. **See id.** at 1290.

Hence, based on the importance the Courts of this Commonwealth place on the appointment of counsel to first time indigent PCRA petitioners, we conclude that the court exercised its inherent power to correct its "patent and obvious error" of denying Appellee's *pro se* petition without first considering this right. **Borrin**, **supra** at 1228 (citation omitted). Therefore, the court properly vacated its order. The Commonwealth's second issue does not merit relief.[3] **See Henkel**, **supra** at 20.

Order affirmed.

Judge Strassburger joins the Memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016

---

[3] The Commonwealth does not argue that the court improperly found that trial counsel was ineffective for failing to file a petition for allowance of appeal. (**See** Commonwealth's Brief, at 14-19). Therefore, we need not address the court's conclusion on the petition's merits.