J. S36023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN MICHAEL HICKOX, | : | |
| | : | |
| Appellant | : | No. 1897 MDA 2015 |

Appeal from the PCRA Order October 8, 2015
In the Court of Common Pleas of Centre County
Criminal Division No.: CP-14-CR-0001270-2010

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 09, 2016**

Appellant, Justin Michael Hickox, appeals from the October 8, 2015 Order dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. As explained *infra*, we vacate the PCRA court's Order and remand this case for the PCRA court to conduct a hearing in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121.[1]

On December 17, 2014, Appellant filed a *pro se* PCRA Petition, asserting prosecutorial misconduct and challenging the legality of his sentence. On March 5, 2015, the PCRA court appointed Karen G. Muir, Esq.,

---

[*] Former Justice specially assigned to the Superior Court.

[1] We raise the issue of the need for a **Grazier** hearing and a Pa.R.Crim.P. 121 colloquy *sua sponte*. **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

to represent Appellant. Notwithstanding the appointment of counsel, Appellant filed a *pro se* Motion to Appoint Special Prosecutor on June 22, 2015, seeking to disqualify the Centre County District Attorney. The court scheduled a hearing on that Motion for July 27, 2015.

On July 16, 2015, Attorney Muir filed a Motion to Withdraw as counsel, citing Appellant's desire to proceed *pro se*. **See** Motion to Withdraw as Counsel, 7/16/15, at ¶¶ 3-6. Attorney Muir's Motion to Withdraw did not aver that she believed that Appellant's PCRA Petition had no merit, and she did not file a **Turner/Finley** letter.[2] On July 17, 2015, the court scheduled a hearing on counsel's Motion to Withdraw for July 27, 2015, the same day as the hearing on Appellant's Motion to Appoint Special Counsel.

On July 27, 2015, after a hearing, the trial court granted Appellant permission to file a *pro se* Amended PCRA Petition and denied Appellant's motion to disqualify the District Attorney. The certified record does not include a transcript of this hearing, and there is no indication in the record that the PCRA court conducted a **Grazier** hearing.

On August 4, 2015, the PCRA court entered an Order granting Attorney Muir's Motion to Withdraw as Counsel.[3] The trial court thereafter issued a Pa.R.Crim.P. 907 Notice and Opinion, to which Appellant filed a *pro*

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The Order entered August 4, 2015 provides in *toto*: "AND NOW, July 17, 2015, after hearing, Karen Muir's Motion to Withdraw as Counsel, with no objection from the Commonwealth, is GRANTED." **Order**, entered 8/4/15.

*se* response. The PCRA court dismissed Appellant's PCRA Petition without a hearing on October 8, 2015. Appellant timely appealed.

Although there are indications in the certified record that Appellant desired to proceed *pro se* during the PCRA proceedings below, the rules of criminal procedure and our case law nevertheless require a full colloquy prior to allowing an appellant to proceed *pro se* if counsel has not filed a ***Turner/Finley*** letter. ***See*** Pa.R.Crim.P. 121(A); ***Grazier, supra; Commonwealth v. Robinson***, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) (stating that "a colloquy [under Pa.R.Crim.P. 121(A)] must be held by the PCRA court of its own accord . . . once the defendant has expressed a desire to proceed *pro se* as long as PCRA counsel has not properly withdrawn by complying with the dictates of ***Turner/Finley***.").

Because the PCRA court did not conduct a ***Grazier*** hearing prior to allowing Appellant to proceed *pro se*, we vacate the PCRA court's October 8, 2015 Order, and remand to the PCRA court for a ***Grazier*** hearing and a subsequent ruling on Appellant's PCRA Petition. ***See Grazier***, ***supra*** at 82.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016

- 3 -