J-S82036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| MAURICE TARON JACKSON, | : | |
| | : | |
| Appellant | : | No. 977 WDA 2017 |

Appeal from the Order Entered May 23, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003292-2015

BEFORE:    BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:                **FILED MARCH 6, 2018**

Maurice Taron Jackson (Appellant) appeals *pro se* from the May 23, 2017 order which denied his motion for reconsideration of an order denying a motion for reconsideration of sentence *nunc pro tunc*.  Upon review, we vacate that order and remand for proceedings consistent with this memorandum.

In 2013, Appellant was charged with numerous offenses related to his role in a drug-trafficking enterprise.  Appellant entered into a plea agreement, and on March 24, 2016, he was sentenced, consistent with the agreement, to an aggregate term of four to ten years of incarceration. Appellant was also to receive credit for time served when he was incarcerated in Illinois.  On April 4, 2016, Appellant timely filed a post-sentence motion.  That motion was denied on April 12, 2016.  No direct appeal was filed.

* Former Justice specially assigned to the Superior Court.
**Retired Senior Judge assigned to the Superior Court.

On January 19, 2017, Appellant *pro se* filed a motion entitled motion for time credit *nunc pro tunc*. No action was taken on that motion. On February 21, 2017, Appellant *pro se* filed a motion entitled motion for reconsideration *nunc pro tunc*. On March 1, 2017, the trial court denied that motion. In March of 2017, Appellant *pro se* filed a motion entitled motion for reconsideration of credit. No action was taken on that motion. On May 17, 2017, Appellant *pro se* filed a motion entitled motion for reconsideration of sentence *nunc pro tunc*. On May 23, 2017, the trial court denied that motion, and also ordered Appellant "to refrain from filing repeated [m]otions on the same issues that have already been ruled on." Order, 5/23/2017.

On May 30, 2017,[1] Appellant *pro se* filed a notice of appeal from that order. Appellant also requested *in forma pauperis* (IFP) status. On June 29, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, granted Appellant's motion to proceed IFP, and informed Appellant that he "has a right to assistance of counsel in the preparation of any appeal. If [Appellant] cannot afford an attorney, one will be assigned to represent him. An application can be obtained and filed with the Erie County Public Defender's Office." Order, 6/29/2017. Appellant filed a concise statement, and the trial court filed an opinion in response.

---

[1] The envelope containing the notice of appeal has a postmark date of May 30, 2017. For reasons unclear from the record, that notice of appeal was not docketed until June 29, 2017.

- 2 -

Before we reach the merits of Appellant's issues, we *sua sponte* consider whether Appellant is properly proceeding *pro se*. We observe that "all motions filed after a judgment of sentence is final are to be construed as [Post Conviction Relief Act (PCRA)[2]] petitions."[3] ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right[4]—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Instantly, the PCRA court granted Appellant's petition to proceed IFP, but did not appoint counsel. "[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added).

---

[2] ***See*** 42 Pa.C.S. §§ 9541-9546.

[3] Here, Appellant's judgment of sentence became final on May 13, 2016, when he did not file a direct appeal after the denial of his timely-filed post-sentence motion. Thus, his January 19, 2017 motion should have been considered Appellant's first PCRA petition.

[4] The only way a PCRA petitioner can properly waive his right to counsel is through an on-the-record colloquy conducted pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). ***See Commonwealth v. Robinson***, 970 A.2d 455, 459 (Pa. Super. 2009) (*en banc*).

Accordingly, we vacate the May 23, 2017 order and remand this case to the PCRA court for the appointment of counsel. Counsel shall either file an amended PCRA petition dating back to the January 17, 2017 motion or comply with the mandates of **Turner**/**Finley**.[5] If Appellant indicates at that point a desire to proceed *pro se*, the PCRA court shall conduct a **Grazier** hearing to ensure Appellant is waiving his right to counsel knowingly, intelligently, and voluntarily.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/6/2018

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 4 -