**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Leonard F. STOSSEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 14, 2011.
Filed April 12, 2011.

Leonard Stossel, appellant, pro se.

Richard A. Consiglio, Assistant District Attorney, Hollidaysburg, and William R. Stoycos, Office of the Attorney General, Harrisburg, for Commonwealth, appellee.

BEFORE: BENDER, SHOGAN and OTT, JJ.

OPINION BY BENDER, J.:

Leonard F. Stossel, Appellant, appeals *pro se* from the June 8, 2010 order denying as untimely his first petition for post-conviction relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We conclude that the PCRA court erred in not holding a hearing in accordance with *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998), to ensure that Stossel intelligently, knowingly, and voluntarily waived his right to representation.

Accordingly, we remand for the PCRA court to conduct such a hearing.

Stossel entered a *nolo contendere* plea on September 5, 2006, to the crimes of attempted unlawful contact with a minor and criminal use of a communication facility. He was sentenced on December 1, 2006, to a term of incarceration of five to ten years. Stossel filed a timely notice of appeal, and this Court affirmed his judgment of sentence on November 8, 2007. *Commonwealth v. Stossel,* 944 A.2d 805 (Pa.Super.2007) (unpublished memorandum). He did not petition for permission to appeal with the Pennsylvania Supreme Court.

■ However, over two years later, on June 2, 2010, Stossel filed a *pro se* PCRA petition by using the standard, fill-in-the-blank form provided by the Pennsylvania Department of Corrections (DOC).[1] On the last page of that petition, Stossel checked the box next to the statement, "I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer." *See* Appellant's *Pro Se* PCRA Petition, 6/2/10, at 7. Additionally, he placed an "x" in the box next to the statement, "I do not want a lawyer to represent me," instead of marking the box requesting that the court appoint him representation. *Id.* Accordingly, the PCRA court did not appoint an attorney. On June 8, 2010, it dismissed Stossel's *pro se* petition without a hearing, concluding that it was untimely and met no exception to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[2]

1. In the top left-hand corner of the form, it states "DC–198" and "Rev. 7–01." *See* Appellant's *Pro Se* PCRA Petition, 6/2/10, at 1. We assume that this indicates that the DOC issued the form, which was last revised in July of 2001.

2. Stossel's judgment of sentence became final on December 8, 2007, at the expiration of the thirty day time period for seeking review with

the Pennsylvania Supreme Court. *See* 42 Pa. C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Thus, he had until December 8, 2008, to file a timely PCRA

Stossel filed a timely *pro se* appeal of that order. His brief to this Court consists of forty pages of handwritten, single-spaced uninterrupted argument. While Stossel does not divide his argument into any coherent sections or differentiated claims, from what we can discern, his chief contention is that his case meets the "governmental interference" exception to the PCRA timeliness requirements, 42 Pa.C.S. § 9545(b)(1)(i), and, therefore, the court improperly dismissed his petition as untimely.

However, we are unable to review this claim. Even though his petition was facially untimely, Stossel was still entitled to representation as this was his first PCRA petition and he indicated that he was unable to afford counsel.[3] Pa.R.Crim.P. 904(C) (stating "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); *see also Commonwealth v. Smith,* 572 Pa. 572, 818 A.2d 494, 500–01 (2003) (holding that "an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply"). Stossel sought to waive this right by indicating in his *pro se* petition that he did not want legal representation, yet the PCRA court failed to conduct "an on-the-record determination ... that the waiver is a knowing, intelligent, and voluntary one." *Commonwealth v. Robinson,* 970 A.2d 455, 457 (Pa.Super.2009)

(quoting *Grazier,* 713 A.2d at 82). The court's omission in this regard is plainly erroneous.

In *Robinson,* we set forth a thorough analysis of the importance of holding a *Grazier* hearing in the PCRA context, explaining:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost. In *Commonwealth v. Meehan,* 427 Pa.Super. 261, 628 A.2d 1151 (1993), which was specifically cited with approval in our Supreme Court's pronouncement in *Grazier,* we addressed whether the defendant had validly waived his rule-based right to counsel for purposes of a PCRA hearing. The defendant therein complained that he did not actually waive his right to counsel because the waiver colloquy was inadequate in that it did not conform to the requirements of Pa.R.Crim.P. 121, formerly Pa.R.Crim.P. 318, waiver of counsel.
>
> That rule indicates that if a defendant seeks to waive his right to counsel, six

petition. His petition filed on June 2, 2010, was therefore patently untimely.

**3.** We acknowledge that the PCRA court did not determine whether Stossel was indigent, thereby qualifying for a court-appointed attorney. However, this is not a question for this Court to assess. *Commonwealth v. Evans,*

866 A.2d 442, 446 (Pa.Super.2005) (stating that this Court is "not required to consider, nor shall we, whether [a petitioner] ... is indigent"). Because "such questions should be addressed by the PCRA court in the first instance," the court can conduct this assessment upon remand. *Id.*

areas of inquiry must be explored and explained to the defendant to "ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent[.]" Pa.R.Crim.P. 121(A)(2). In *Meehan*, we noted that some of the precepts regarding waiver of counsel in the trial setting were inapplicable in the PCRA area. We did hold, however, that if a post-conviction waiver of counsel is requested by the defendant, the PCRA court must ascertain that "the defendant understands: (1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." *Id.* at 1157; *see also Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa.Super.2001). While we concluded that the colloquy conducted therein was sufficient, that case clearly indicates four of the six areas of inquiry contained in Rule 121 apply in the PCRA context. Pa.R.Crim.P. Rule 121(A)(2) provides:

> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
>> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Subsections (b) and (c) are not relevant in the PCRA setting; however, the remainder of concepts examined in Rule 121 clearly impact on whether a defendant understands the full import of his decision to act as his own counsel. Therefore, in accordance with *Meehan* and as required by [*Commonwealth v.*] *Davido*, [582 Pa. 52, 868 A.2d 431 (2005) (finding that it is up to the trial court to ensure that a proper colloquy is performed where a defendant has invoked his right to self-representation),] we conclude that if a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa. R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a

PCRA petition], they may be lost permanently."

*Robinson,* 970 A.2d at 458 – 460.

In the present case, the PCRA court erred in not conducting an on-the-record colloquy to explain the above-stated information to Stossel and ensure that he understood the repercussions of his decision to waive his right to counsel. Accordingly, we are required to remand for a hearing that comports with *Grazier* and Rule 121, as espoused in *Robinson.*

■ In addition, this case has brought to our attention the fact that the DOC's standard, fill-in-the-blank PCRA petition allows petitioners to check a box indicating that they do not wish counsel to be appointed. While it is likely that most PCRA courts conduct colloquies of petitioners in such situations, here, the PCRA court incorrectly concluded that simply checking the box was sufficient to waive the right to representation. In light of this error, we expressly hold that when a first-time petitioner indicates in his *pro se* petition that he does not wish to be represented by an attorney, the PCRA court must still conduct a *Grazier* hearing, eliciting information in accordance with Rule 121 and *Robinson,* before permitting the petitioner to proceed *pro se.*

■ In addition, we acknowledge that Stossel did not argue that he was entitled

to counsel, or in any way challenge his waiver of that right, on appeal to this Court. That fact, however, does not prevent us from *sua sponte* addressing this issue and remanding his case. Our Supreme Court stated in *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 699 (1998) (citation omitted), that "[t]he denial of PCRA relief *cannot stand* unless the petitioner was afforded the assistance of counsel." Moreover, it appears that this Court has raised the denial of counsel—or the ineffective waiver of the right thereto—*sua sponte* and remanded for the PCRA court to correct that error in several prior cases.[4] However, as no case of which we are aware expressly states that this is the appropriate procedure for disposing of such cases, we are inclined to do so herein. Thus, we hold that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.

Accordingly, we vacate the PCRA court's June 8, 2010 order dismissing Stossel's *pro se* petition and remand for the court to conduct a *Grazier* hearing to determine if Stossel is knowingly, intelligently, and voluntarily waiving his right to counsel. If Stossel retracts his desire to proceed *pro se,* new counsel must be appointed.[5] *Robinson,* 970 A.2d at 460.

**4.** *See Commonwealth v. Stout,* 978 A.2d 984 (Pa.Super.2009) (concluding that petitioner's writ of *habeas corpus* was the functional equivalent of a PCRA petition and remanding for the appointment of counsel because it was his first petition); *Robinson,* 970 A.2d at 460 (remanding where the PCRA court permitted the petitioner to proceed *pro se* without conducting a colloquy to ensure that that decision was made knowingly, voluntarily, and intelligently); *Commonwealth v. Jackson,* 965 A.2d 280, 284 (Pa.Super.2009) (remanding for appointment of counsel where we determined that even though it was petitioner's second PCRA petition, counsel was required at both the PCRA court level and on appeal); *Evans,*

866 A.2d at 443 (remanding for appointment of counsel where court did not appoint counsel to represent the petitioner in his first PCRA petition); *Commonwealth v. Brown,* 836 A.2d 997, 999 (Pa.Super.2003) (remanding for the appointment of counsel where the petitioner was represented by a court-appointed attorney before the PCRA court, but was effectively abandoned by counsel on appeal).

**5.** Because Stossel asserted claims of ineffective assistance of his plea counsel in his *pro se* petition, we direct that an attorney other than his plea counsel be appointed if necessary. In addition, there is no indication in the rec-

Order vacated. Case remanded. Jurisdiction relinquished.

Judge OTT concurs in the result.

ord that the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Thus, we direct the court to satisfy this notice requirement if it again decides to dismiss Stossel's petition.