J-S29024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAL TATE JOHNSON | |
| Appellant | No. 1429 WDA 2014 |

Appeal from the PCRA Order July 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008754-1997
CP-02-CR-0009809-1997

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                   **FILED FEBRUARY 11, 2016**

Appellant, Jamal Tate Johnson, appeals from the July 15, 2014 order, dismissing as untimely his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The procedural history of this case is as follows. On August 24, 1998, Appellant pled *nolo contendre* to four drug offenses.[1] October 15, 1998, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, at docket number CP-02-CR-0008754-1997, Appellant pled *nolo contendre* to two counts of manufacturing, delivering, or possessing a controlled substance with the intent to deliver (PWID), and one count each of unauthorized sale or refill of a controlled substance, and possession of a controlled substance. 35 P.S. § 780-113(a)(30), (a)(15), and (a)(16),
*(Footnote Continued Next Page)*

trial court imposed an aggregate judgment of sentence of 6 to 20 years' imprisonment.[2]  Appellant filed a timely post-sentence motion, which was denied by operation of law on February 22, 1999.  Appellant did not file an appeal with this court.  On November 13, 2013, Appellant filed the instant PCRA petition, his first.   Appellant titled his petition as a motion for resentencing pursuant to the PCRA and a motion to correct an erroneous sentence *nunc pro tunc*.  The PCRA court properly treated it as a PCRA petition.  **See id.** § 9543(a)(2)(vii) (listing as cognizable under the PCRA a claim that the petitioner's sentence is "greater than the lawful maximum[]").

On March 7, 2014, the PCRA court gave notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907.  Counsel did not file a response to the PCRA court's 907 notice, nor did Appellant file a *pro se* response.  On July 15, 2014, the PCRA court dismissed Appellant's PCRA petition as untimely.  On August 11, 2014, Appellant filed a timely *pro se* notice of appeal.[3]

*(Footnote Continued)* ———————————

respectively.  At docket number CP-02-CR-0009809-1997, Appellant pled *nolo contendre* to one additional count of PWID.

[2] Specifically, the trial court sentenced Appellant to three to ten years' imprisonment on one of the PWID convictions at docket number 8754-1997, and a consecutive three to ten years' imprisonment on the PWID count at docket number 9809-1997, for an aggregate judgment of sentence of 6 to 20 years'.  No further penalty was imposed on the remaining convictions.

[3] The PCRA court did not direct Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues for our review.

> I. Whether the PCRA court erred in finding that [] Appellant's instant PCRA petition was not timely filed under the purview of 42 Pa.C.S. § 9545(B)(1)(ii) and 42 Pa.C.S. § 9545?
>
> II. Whether the PCRA court erred in failing to exercise [its] inherent power to correct patent error(s) despite the absence of trad[it]ional jurisdiction, which has resulted in Appellant being sentence[d] under the aggravated range as opposed to the standard range?
>
> III. Whet[h]er the PCRA court erred in finding that the sentencing court did not err by imposing the instant sentence under the aggravated range as opposed to the standard range as ordered by the sentencing court?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Procedure 1925(b). The PCRA court authored a Rule 1925(a) opinion on January 30, 2015.

Further, we note that on September 9, 2014, Appellant's PCRA counsel filed a motion to withdraw in the PCRA court, indicating that he was not retained to represent Appellant on appeal. On September 19, 2014, the PCRA court granted counsel's petition to withdraw. On May 20, 2015, we entered a *per curiam* order, remanding this case pursuant to **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011), and instructing the PCRA court to determine whether Appellant was indigent and therefore entitled to court-appointed counsel in his appeal from the denial of his first PCRA petition. On October 20, 2015, the PCRA court determined Appellant was indigent and appointed counsel. On December 17, 2015, Appellant's counsel submitted a brief for our review.

*Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Appellant's first issue on appeal raises the "newly discovered fact" exception to the PCRA time-bar. Appellant's Brief at 13. Therein, Appellant contends that the PCRA court erred in dismissing his petition as untimely. *Id.* The timeliness of Appellant's PCRA petition implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law is clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86

A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, **Ali v. Pennsylvania**, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). Section 9545 sets forth the three exceptions to the PCRA time-bar as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> …

42 Pa.C.S.A. § 9545(b)(1). A PCRA petition invoking one of these time-bar exceptions must "be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2). "A petitioner fails to satisfy the 60-day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

Herein, Appellant was sentenced on October 15, 1998, and his post-sentence motion was denied on February 22, 1999. Appellant did not file an appeal with this court. Consequently, Appellant's judgment of sentence became final on March 24, 1999, when the time to file a notice of appeal with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review); Pa.R.A.P. 903(a) (providing that a notice of appeal must be filed within 30 days of the order being appealed). Accordingly, Appellant had until March 24, 2000, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the judgment of sentence

becoming final to be considered timely). Therefore, Appellant's current petition, his first, filed on November 13, 2013, was facially untimely. *See id.*

Appellant acknowledges that he did not file the current PCRA petition within one year of his judgment of sentence becoming final. Appellant's Brief at 13. Appellant argues, however, that the PCRA court erred in dismissing his petition because the "newly discovered fact" exception to the time-bar enumerated in Section 9545 applies in this case. *Id.* Specifically, Appellant invokes the exception based on the "fact" that his sentences were beyond the aggravated range of the sentencing guidelines, which he purportedly did not discover until mid-September 2013. *Id.* Appellant claims he meets the exception to the time-bar because he filed the current PCRA petition within 60 days of discovering the fact that the trial court departed from the sentencing guidelines in imposing his sentence. *Id.*

We conclude that Appellant has not met his burden of proving that the newly discovered facts exception applies. Our Supreme Court has explained that the newly discovered fact exception in Section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-1272 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d

171, 176 (Pa. Super. 2015) (citation omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015). We strictly enforce this rule. **Id.**

Instantly, at the time of his sentencing, Appellant was aware of the sentencing guidelines and any discrepancy between the guidelines and his sentence should have been apparent to him. The guideline sentence forms, upon which Appellant bases his claims, are part of the public record of this case and have been available for Appellant's review since the time of his sentencing on October 15, 1998. Appellant has failed to plead or prove any explanation as to why, in the exercise of due diligence, he could not have learned of any alleged sentencing errors within the one-year period prescribed by the PCRA. Therefore, Appellant's attempt to invoke the "newly discovered facts" exception to the PCRA time-bar fails. **See Bennett**, **supra**. Accordingly, we conclude that the record supported the PCRA court's determination that Appellant's PCRA petition was untimely and did not meet the time-bar exception and the PCRA court did not err as a matter of law.[4] **See Fears**, **supra**.

_____

[4] Based on our resolution of this issue, neither this Court or the PCRA court have jurisdiction to address Appellant's remaining sentencing issues, even if they implicate the legality of his sentence. **See Seskey**, **supra** (explaining "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim[]") (brackets in original; citation omitted).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. **See id.** Therefore, the PCRA court's July 15, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016