J-A20023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER ZIEMBA | |
| Appellant | No. 60 MDA 2017 |

Appeal from the Order Entered December 13, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000324-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.               **FILED FEBRUARY 09, 2018**

A jury convicted Appellant, Christopher Ziemba, of open lewdness, indecent exposure, stalking, and two counts of disorderly conduct. The trial court sentenced him to an aggregate term of imprisonment of eight to 23 ½ months of imprisonment, to be followed by twelve months of probation on January 14, 2015. This Court affirmed his judgment of sentence by order dated March 16, 2016.

On November 21, 2016, Ziemba filed a *pro se* motion entitled "Defendant's Motion for Ineffective Assistance of Trial Counsel and a New Trial." The trial court dismissed the motion, and Ziemba filed this *pro se* appeal.

Ziemba filed the November 21, 2016, motion after his judgment of sentence had become final. **See** Pa.R.A.P. 1113 (petition for allowance of

appeal from Superior Court order must be filed within 30 days); 42 Pa.C.S.A. 9545(b)(3) (judgment of sentence becomes final at expiration of time for seeking review). Furthermore, his motion alleged ineffective assistance of trial counsel.

Under these circumstances, his motion should have been treated as petition pursuant to the Post Conviction Relief Act ("PCRA"). **See Commonwealth v. Taylor**, 65 A.3d 462, 467-468 (Pa. Super. 2013) (finding "untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition," if it raises issues cognizable under the PCRA). We therefore remand for an assessment of Ziemba's claims pursuant to the PCRA.

We note the court denied Ziemba's petition for *in forma pauperis* status. Ziemba has challenged this denial on appeal and asserted that his employment status changed as of January 1, 2017. In light of our remand, we direct the PCRA court to determine whether Ziemba currently qualifies as indigent and, if so, appoint him counsel. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011). Furthermore, we deny, as moot, the Commonwealth's motion to dismiss Ziemba's appeal due to defects in his brief.

Order vacated. Case remanded for further proceedings consistent with this order. Commonwealth's motion to dismiss is denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/09/2018</u>