J-S06034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| v. : | |
| : | |
| : | |
| WADE D. LEE, : | |
| : | |
| Appellant : | No. 1591 EDA 2016 |

Appeal from the PCRA Order April 21, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0000648-2012

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 11, 2018**

Wade D. Lee ("Lee"), *pro se*, appeals from the Order denying, without a hearing, his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We vacate the Order and remand for further proceedings.

On July 27, 2012, a jury found Lee guilty of aggravated assault and other offenses. The trial court imposed an aggregate sentence of ten to twenty years in prison. This Court subsequently affirmed Lee's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Lee**, 91 A.3d 1278 (Pa. Super. 2013) (unpublished memorandum), **appeal denied**, 95 A.3d 276 (Pa. 2014).

On August 21, 2014, Lee filed a *pro se* PCRA Petition, alleging, *inter alia*, ineffective assistance of his trial counsel and prosecutorial misconduct. The

PCRA court thereafter appointed Lee PCRA counsel. In February 2016, Lee's PCRA counsel filed an Amended PCRA Petition.

On March 17, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Lee's Amended PCRA Petition without a hearing. In response, on April 6, 2016, Lee filed a *pro se* "Motion to Remove Court Appointed Counsel, and Allowance of Petitioner to File, *pro se*, 2nd Amended Post-Conviction Relief Act Petition" (hereinafter "Motion to proceed *pro se*"). Therein, Lee averred that his PCRA counsel had abandoned him and sought to file an amended, *pro se* PCRA petition raising additional claims of error that Lee wished to pursue but PCRA counsel had failed to raise.

By an Order entered on April 21, 2016, the PCRA court denied Lee's Motion to proceed *pro se*, and dismissed Lee's Amended PCRA Petition, *without* first conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).[1] Thereafter, Lee filed the instant timely appeal, *pro se*, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

In his *pro se* brief, Lee argues that the PCRA court erred in dismissing his PCRA Petition because, *inter alia*, his direct appeal counsel was ineffective

---

[1] However, the PCRA court later reversed its original ruling and granted Lee's Motion to proceed *pro se*, by an Order dated June 28, 2016, and decreed that Lee's PCRA counsel shall be withdrawn. Nevertheless, there is no indication in the record that any **Grazier** hearing was ever conducted to determine whether Lee's waiver of PCRA counsel was knowing, intelligent and voluntary.

and there was prosecutorial misconduct at his trial. *See* Brief for Appellant at i-ii (pages numbered).

Before we reach the merits of Lee's issues, however, we must, *sua sponte*, consider whether he is properly proceeding *pro se*. As the Commonwealth correctly concedes in its brief, the PCRA court improperly failed to conduct a *Grazier* hearing[2] to ensure that Lee is waiving his right to counsel knowingly, intelligently, and voluntarily, and/or appoint Lee counsel to assist him in this proceeding involving his first PCRA Petition. "[W]here an indigent,[3] first-time PCRA petitioner was denied his right to counsel[4] — *or failed to properly waive that right* — this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Stossel*, 17 A.3d at 1290 (footnotes and emphasis added); *see also Commonwealth v. Robinson*, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) (stating that "[r]egardless of how unambiguous a defendant's

_____

[2] Though the PCRA court states that, on February 28, 2017, it conducted a hearing "in an effort to delineate and frame [Lee's] issues efficiently for the [PCRA court's] preparation of a [Pa.R.A.P. 1925(a)] opinion[,]" there is no indication that this was also a *Grazier* hearing. PCRA Court Opinion, 10/17/17, at 2.

[3] *See Commonwealth v. Stossel*, 17 A.3d 1286, 1288 n.3 (Pa. Super. 2011) (stating that this Court cannot determine whether a defendant is indigent and that the PCRA court must address this question in the first instance).

[4] *See* Pa.R.Crim.P. 904(C) (providing, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

expression [of a desire to proceed *pro se*] may be, without a [**Grazier**] colloquy[,] the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot 'knowingly, voluntarily, and intelligently' waive counsel until informed of the full ramifications associated with self-representation.").

Accordingly, we vacate the PCRA court's April 21, 2016 Order and remand this case for the PCRA court to conduct a **Grazier** hearing to ensure that Lee is waiving his right to counsel knowingly, intelligently, and voluntarily, if Lee indicates that he continues to desire to proceed *pro se*. If, however, Lee retracts his intention to proceed *pro se*, and the PCRA court determines that he is indigent, the PCRA court shall appoint him new PCRA counsel. **See Robinson**, 970 A.2d at 460 (stating that "[i]f [a]ppellant retracts his desire to act as his own counsel, new counsel must be appointed. Once the appropriate proceedings are conducted, the order denying PCRA relief can be reinstated, and [a]ppellant, or his counsel, can file an appeal."); **see also** Pa.R.Crim.P. 904(C).

Order vacated; case remanded with instructions; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/18