J-E01005-19

2019 PA Super 281

| | | |
|---|---|---|
| IN RE: ADOPTION OF K.M.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L.G., MOTHER | : | |
| | : | |
| | : | No. 580 WDA 2018 |

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s): 42-17-0239

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.M.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L.G., MOTHER | : | |
| | : | |
| | : | No. 581 WDA 2018 |

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s): No. 42-17-0240

| | | |
|---|---|---|
| IN RE: ADOPTION OF S.A.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L.G., MOTHER | : | |
| | : | |
| | : | No. 582 WDA 2018 |

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s): No. 42-17-0241

| | | |
|---|---|---|
| IN RE: ADOPTION OF J.C.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-E01005-19

APPEAL OF: T.L.G., MOTHER      :
                                      :
                                      :
                                      :
                                      :
                                      :
                                      :     No. 583 WDA 2018

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s):  42-17-0242

BEFORE:  PANELLA, P.J., BENDER, P.J.E., LAZARUS, J., OLSON, J., DUBOW,
          J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., and McLAUGHLIN,
          J.

DISSENTING OPINION BY BENDER, P.J.E.:    **FILED SEPTEMBER 13, 2019**

Because I would conclude that this Court, in this case, has the authority

to review *sua sponte* whether the Guardian *ad Litem* (GAL) has a conflict in

an involuntary termination of parental rights case, I respectfully dissent.

The Majority identifies Section 2313 of the Adoption Act, which requires

a court to appoint counsel to represent a child in an involuntary termination

of parental rights proceeding when either one or both parents are contesting

such a determination.  **See** 23 Pa.C.S. § 2313(a).  The Majority also cites

recent cases dealing with situations where a GAL has a conflict and, thus, may

not serve as GAL and counsel for a child, *i.e.*, representing both the child's

best interests and his or her legal interests.  Moreover, the Majority recognizes

that the GAL has a duty to notify the court if a conflict is present in the case

and the court then has a duty to appoint separate counsel in those

circumstances.  However, the Majority concludes that this Court "only has the

authority to raise *sua sponte* the issue of whether the lower court appointed

- 2 -

**any** counsel for the child, and not the authority to delve into the quality of the representation." Majority at 5 (emphasis in original). I disagree.

In **In re T.S.**, 192 A.3d 1080 (Pa. 2018), our Supreme Court stated that the right to legal counsel belongs to the child, not the parent. This is so because minors do not have the capacity to raise legal claims for themselves. **Id.** at 1087. Nor should the child have to rely on a parent or the attorney representing the child to alert the court that this right is not being enforced. **Id.** Therefore, to assure that the child's right is protected, I would conclude that this Court may review *sua sponte* whether there is a conflict, particularly in light of the fact that a failure to raise a question of separate counsel for the child is non-waivable.

Additionally, in response to the Majority's discussion relating to whether an issue can be raised *sua sponte* by this Court, I am aware that no case has definitively determined that we are permitted to do so in a termination of parental rights situation. However, there are also no cases that have prohibited this action. To provide further support for the reasons that we should perform this duty, I rely on **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011), a case that held "that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." The right to counsel in conjunction with a first-time PCRA petition is provided for in Pa.R.Crim.P. 904(C). Likewise, as noted above, in a termination proceeding, the

appointment of counsel for the child is provided for by 23 Pa.C.S. § 2313. The Court in **Stossel** explained its reasoning as follows:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

**Stossel**, 17 A.3d at 1288 (quoting **Commonwealth v. Robinson**, 970 A.2d 445, 458-59 (Pa. Super. 2009)).

Thus, the **Stossel** decision shows that the importance of the right to counsel in the PCRA context allows this Court to raise the issue *sua sponte*. Nothing the Majority has discussed convinces me that a child's statutory right to counsel in a termination case is any less important than an inmate's rights when seeking PCRA relief. **See In re Adoption of L.B.M.**, 161 A.3d 172, 180 (Pa. 2017) (stating that "appointment of client-directed counsel optimizes the protection of the child's needs and welfare, which form the ultimate issue that the trial court must resolve before granting the termination"). In both situations, where a statutory right to counsel attaches, a failure to correct such an error at this juncture may be the only opportunity to correct a possible injustice. By not allowing this Court to review *sua sponte* whether a conflict exists as to a child's representation in the termination of parental rights proceeding, we are potentially allowing the permanent severing of a child's

relationship with his or her birth family without protecting his or her legal rights and best interests. "The duty to protect the rights of minors and incompetents has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors can be considered by this court [*sua sponte*]." **Berry v. Berry**, 197 A.3d 788, 797 (Pa. Super. 2018) (quoting **South Carolina Dept. of Social Services v. Roe**, 371 S.C. 450, 639 S.E.2d 165, 172 (2006) (emphasis omitted)).

It is this Court's obligation to ensure that a child's rights are protected along with the integrity of the proceeding. If we find that a conflict appears to exist between the legal interests and best interests of the child, we may *sua sponte* order a remand for such a determination by the trial court based on the facts in the record. Likewise, if the record does not contain anything to support whether a conflict exists or does not exist, the trial court must receive evidence to support either position and render a decision.

Here, the trial court's order, dated January 8, 2018, appointed Mark Hollenbeck, Esq., to represent both the legal and best interests of the children in this case. Simply providing for a ten-day period to allow any of the parties to object to this appointment without a factual basis in the record for the order is insufficient. Did Attorney Hollenbeck interview the children and determine whether any conflicts existed between their legal and best interests or from one child to the other children, and had he reported such facts to the court? Merely allowing an objection to be raised in response to the order is insufficient because the right to counsel belongs to the children, not to a parent or an

agency.  Additionally, I would conclude that the trial court abused its discretion by entering the order limiting to ten days the time in which the parties could object to the appointment of the GAL.  It is entirely possible that one or more of the children could change their mind after the expiration of that period and a conflict for the GAL would be present.

Because I would conclude that this Court, in this case, may raise the conflict issue *sua sponte*, I would remand this case for the trial court to determine if any conflict exists and provide the basis for that determination. Accordingly, I dissent.

Judges Kunselman and McLaughlin join this dissenting opinion.