J-S02002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD BRUCE HOFLER, SR. | : | |
| | : | |
| Appellant | : | No. 1328 MDA 2019 |

Appeal from the PCRA Order Entered April 1, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002885-2004

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 11, 2020**

Appellant, Donald Bruce Hofler, Sr., appeals *pro se* from the April 1, 2019 order denying his *pro se* motion challenging the legality of his sentence of $100,000 in fines.  Because Appellant's motion raised an issue that is cognizable under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and it constitutes his first PCRA petition, we are compelled to conclude that the court erred by denying it without first appointing Appellant counsel. Therefore, we vacate the court's order and remand for further proceedings.

The facts of Appellant's underlying convictions are not pertinent to his present appeal.  We only note that on July 6, 2005, Appellant pled guilty to two counts of third-degree murder.  On September 30, 2005, he was sentenced to an aggregate term of 40 to 80 years' incarceration, plus fines totaling $100,000.  Appellant did not file a post-sentence motion or a direct appeal.

On March 21, 2019, Appellant filed a *pro se* motion challenging the legality of his sentence of fines, alleging that it was excessive and unconstitutional. The trial court construed this filing as an untimely post-sentence motion, and issued an order denying it on March 28, 2019.

Appellant filed a timely, *pro se* notice of appeal, and he also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[1] On July 2, 2019, the court issued a Rule 1925(a) opinion. Herein, Appellant states one issue for our review:

> (A.) Whether there was [an] abuse of discretion for the [PCRA] court to not hold a hearing on the numerous issue[s], for the [PCRA] court to take into consideration, and the … court undermined the right to a[] hearing on the matter.

Appellant's Brief at vi.

Initially, as stated *supra*, Appellant's claim implicates the legality of his sentence of fines and, thus, it is cognizable under the PCRA. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (stating that "legality of sentence is always subject to review within the PCRA"). Because this is Appellant's first PCRA petition, he was entitled to the appointment of counsel below, even though his petition is facially untimely. ***See***

---

[1] While Appellant's appeal was pending, this Court issued a *per curiam* order remanding for the trial court to either appoint appellate counsel for Appellant, or to determine if he was knowingly, intelligently, and voluntarily waiving his right to counsel under ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). On October 22, 2019, the trial court informed this Court that it had conducted a ***Grazier*** hearing and granted Appellant permission to proceed *pro se* on appeal.

*Commonwealth v. Stossel*, 17 A.3d 1286, 1288 (Pa. Super. 2011) (citing Pa.R.Crim.P. 904(C) (stating "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); *Commonwealth v. Smith*, 818 A.2d 494, 500-01 (Pa. 2003) (holding that "an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply")).

Nothing in the record indicates that counsel was appointed to represent Appellant but withdrew, or that the court conducted an on-the-record colloquy to determine if Appellant knowingly, intelligently, and voluntarily wished to waive his right to counsel for the litigation of his petition. The fact that the court conducted such a colloquy to discern if Appellant was validly waiving his right to counsel *on appeal* does not excuse its failure to afford Appellant his right to counsel during the litigation of his petition below. Additionally, while Appellant is not challenging the court's failure to appoint him counsel, we have held "that where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Stossel*, 17 A.3d at 1290.

Accordingly, we vacate the PCRA court's order denying Appellant's petition, and remand for the court to appoint him counsel if he is indigent and

so entitled. If Appellant expresses a desire to litigate his petition *pro se*, the court shall conduct a ***Grazier*** hearing to ensure that his decision is knowing, intelligent, and voluntary.[2]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2020

---

[2] We also point out that if the court again decides to deny Appellant's petition without a hearing, it must issue a Pa.R.Crim.P. 907 notice of its intent to do so, and provide Appellant with an opportunity to respond.