J-S23011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH KELSEY | : | |
| | : | |
| Appellant | : | No. 922 EDA 2023 |

Appeal from the PCRA Order Entered March 6, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004554-2010

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 13, 2026**

Appellant, Joseph Kelsey, who is serving a sentence of life imprisonment for second-degree murder, appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Before this Court, PCRA counsel has petitioned to withdraw as Appellant's counsel and filed a **Turner/Finley**[1] brief explaining that none of Appellant's issues have merit. We are constrained to remand for further proceedings for the reasons given below. We retain panel jurisdiction.

On December 12, 2009, Appellant arranged to purchase marijuana from the victim, William Duval, through a mutual friend, Robin Gore. The sale took place outside of Gore's residence located at 5530 Willows Avenue in Philadelphia. When Appellant got home, he weighed the marijuana and

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

decided he had been "shorted." He and co-Appellant Malik Woods returned to Gore's house, armed with guns.

At around 6 p.m. that evening, Duval, Robin Gore, and a third man, Lamont Lester, were in Gore's basement watching television and drinking beer. Duval received a phone call and went outside. When he came back in, Appellant and co-Appellant Woods followed him into the basement. As Duval began taking off his jacket, Appellant pointed a gun at his face. Woods, who was standing a few feet away, also pointed his gun at Duval. As Duval began "spinning" his jacket to defend himself, Appellant shot and killed him. Appellant then pointed his gun at Gore and warned him to "say nothing." Before fleeing with Woods, Appellant rifled through Duval's jacket and took money.

At trial, eyewitnesses Lester and Gore both identified Appellant as the shooter. In a statement to Detective Thorsten Lucke, which was read into the record, Appellant admitted that there was a dispute over marijuana, that he returned to the house with a companion to resolve the dispute, that he was armed and present for the shooting of the victim, and that immediately before the victim was shot, he said, "Fuck that, I want mine," and then pulled out his gun. He stated that his companion then shot the victim, who then fell to the ground.

On December 13, 2009, the Commonwealth filed a written complaint charging Appellant with murder, aggravated assault, robbery, burglary, conspiracy and other offenses. In 2012, Appellant filed a motion to dismiss

pursuant to Pa.R.Crim.P. 600. During a hearing on the Rule 600 motion, the Commonwealth detailed each court listing. The docket reflected that a total of 1,529 days elapsed between the filing of the criminal complaint and the commencement of trial. The court ruled that 1359 days were excludable and denied Appellant's motion.

Appellant also filed a pretrial motion to sever his trial from his co-defendant, Woods, because Woods was charged with intimidation of a witness for hiring someone to kill a witness in this case. Appellant argued that he would be prejudiced by the testimony regarding Woods' attempt to kill a witness. The court agreed to limit the witness's testimony and give a cautionary instruction to cure any potential prejudice to Appellant.

At trial, Detective Lucke testified that he interviewed eyewitness Gore and took Appellant's confession. Detective Lucke testified that Detective James Crone obtained a search warrant for Appellant's and Woods' cell phone records, but that he did not follow up on it. However, the warrant indicates that records were in fact recovered and that Detective Lucke signed the paperwork as the collecting officer. It is unclear what these records were, because no cell phone records were introduced during trial.

Attorney Michael Wallace represented Appellant during pretrial and trial proceedings. On February 25, 2014, a jury convicted Appellant of second-degree murder, robbery, conspiracy, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, possessing an instrument of crime, and witness intimidation. The trial court imposed an aggregate

sentence of life imprisonment. On June 23, 2015, this Court affirmed Appellant's judgment of sentence. On February 1, 2016, our Supreme Court denied Appellant's petition for allowance of appeal.

On February 8, 2017, Appellant filed a timely *pro se* PCRA petition[2] raising more than twenty claims, most of which alleged trial counsel ineffectiveness. The court appointed Attorney David Rubenstein to represent Appellant. On August 8, 2017, Attorney Rubinstein filed a ***Turner***/***Finley*** letter. After filing a notice of intent to dismiss, the PCRA court dismissed Appellant's petition on September 29, 2017. Appellant filed a timely appeal. On March 22, 2019, this Court vacated the trial court's order, finding that Attorney Rubenstein's ***Finley*** letter was deficient because it did not discuss all issues. We remanded this case for further PCRA proceedings. We instructed that on remand, Appellant's new counsel could file an amended PCRA petition or, if counsel concluded in the exercise of his professional judgment that the issues raised in the PCRA proceeding are without merit, he could file an adequate no-merit letter that addresses all issues in Appellant's PCRA petition and move to withdraw.

On remand, the PCRA court appointed Attorney Doug Dolfman to represent Appellant. On July 7, 2020, Attorney Dolfman filed a ***Turner***/***Finley*** letter. In response, Appellant filed a supplement to his PCRA petition and a

---

[2] The PCRA court erroneously stated in its opinion that Appellant's PCRA petition was untimely. Appellant timely filed his petition well within the PCRA's one-year statute of limitations. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

motion to proceed *pro se*. On May 24, 2021, after a **Grazier** hearing, the PCRA court denied Appellant leave to proceed *pro se* and appointed Attorney Walter Chisholm to represent Appellant. On December 30, 2022, Attorney Chisholm filed a detailed **Turner**/**Finley** letter asserting that none of the claims in Appellant's PCRA filings had merit and seeking leave to withdraw as counsel.

The case was transferred to the Honorable Scott DiClaudio. On February 14, 2023, Judge DiClaudio entered a notice of intent to dismiss Appellant's petition without a hearing. On March 10, 2023, Judge DiClaudio entered an order dismissing the petition.

Appellant filed a timely appeal to this Court, the appeal presently under review. On May 9, 2023, Appellant filed an Application To Proceed *Pro Se* in this Court. The application stated that Appellant had an irreconcilable conflict with Attorney Chisholm and that he "wants the effective assistance of counsel on PCRA or permission to proceed *pro se*." Application, 5/9/23.

On June 6, 2023, upon consideration of Appellant's application, this Court ordered the PCRA court to "conduct an on-the-record determination as to whether the Appellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to [**Grazier**]."

On June 27, 2023, without holding a **Grazier** hearing, the PCRA court entered an order granting Attorney Chisholm leave to withdraw as counsel.

On August 29, 2023, without holding a *Grazier* hearing, the PCRA court filed an opinion in which it recommended that this Court affirm the order dismissing Appellant's PCRA petition. The opinion stated in relevant part:

> After a thorough review of the record, Appellant's subsequent PCRA counsel concluded that Appellant's PCRA claims were untimely and without merit, and filed a *Finley* letter outlining the reasons why Appellant is not entitled to PCRA relief. Upon independently reviewing the filings in this matter, this Court concurred with counsel's *Finley* letter.

Opinion, 8/29/23, at 3.

On September 12, 2023, Appellant, acting *pro se*, filed an Application For Enforcement Of Order For Remand To Conduct *Grazier* Hearing Pending Appeal ("Application For Enforcement"). Appellant complained in his application that the PCRA court failed to comply with this Court's order to hold a *Grazier* hearing.

On October 10, 2023, following consideration of Appellant's Application for Enforcement, this Court ordered that "in light of the fact that the PCRA court granted [Attorney Chisholm's] petition to withdraw on June 27, 2023, the Prothonotary of this Court is directed to remove [Attorney] Chisholm from the appeal docket, and Appellant shall proceed in this appeal *pro se* unless and until he retains private counsel." Order, 10/10/23 (emphasis added). The same order remanded this case to the PCRA court; ordered Appellant to file a Pa.R.A.P. 1925 statement of matters complained of on appeal following remand; ordered the PCRA court to file a supplemental opinion in response to Appellant's Rule 1925 statement; and retained jurisdiction over this case. *Id.*

We did not order the PCRA court to hold a *Grazier* hearing despite our prior June 6, 2023, order directing a *Grazier* hearing and despite Appellant's request for a *Grazier* hearing in his Application for Enforcement. A *Grazier* hearing has never taken place.

On November 6, 2023, Appellant filed a *pro se* Rule 1925(b) statement in the PCRA court.

On December 20, 2023, the PCRA court appointed Attorney James Lloyd to represent Appellant. The PCRA court's docket reflects that Attorney Lloyd entered his appearance on December 20, 2023.

On April 15, 2024, this Court entered the following order:

> In light of the fact that the case was remanded for Pa.R.A.P. 1925(b) proceedings on October 10, 2023, and that James Richard Lloyd, III, Esq. entered his appearance in [the Superior] Court on January 26, 2024, Appellant and the PCRA court are DIRECTED to comply with Pa.R.A.P. 1925 and transmit the certified record, including the Pa.R.A.P. 1925(b) statement and supplemental Pa.R.A.P. 1925(a) opinion, to the Prothonotary of this Court within sixty (60) days of the date that this Order is filed. The Prothonotary of this Court is DIRECTED to forward copies of this Order to the Honorable Scott DiClaudio, James Richard, Lloyd, III, Esq., and the Office of Judicial Records.

Order, 4/15/24.

The PCRA court docket reflects that on May 30, 2024, Attorney Lloyd filed a motion in that court to withdraw as counsel.

On August 16, 2024, this Court entered an order that provided in relevant part:

> In light of the April 15, 2024 Order of this Court and that the PCRA court has not complied, the PCRA court is ORDERED to certify and

- 7 -

transmit the record, including the Appellant's Pa.R.A.P. 1925(b) statement and the PCRA court's Pa.R.A.P. 1925(a) supplemental opinion, to the Prothonotary of this Court within thirty (30) days of the date that this Order is filed.

Order, 8/16/24.

On September 25, 2024, Appellant filed an application for relief in this Court, claiming that Attorney Lloyd had abandoned him.

On October 18, 2024, in response to Appellant's September 25, 2024, application, this Court entered an order directing the PCRA court to rule on Attorney Lloyd's motion to withdraw and appoint substitute counsel. This Court further required that "the PCRA court and Appellant are ordered to comply with Pa.R.A.P. 1925 and certify and transmit the record, including the Appellant's Pa.R.A.P. 1925(b) statement and the PCRA court's Pa.R.A.P. 1925(a) supplemental opinion." Order, 10/18/24. The order also directed the prothonotary to "email this order to Judge DiClaudio and place a telephone call to chambers alerting Judge DiClaudio of the filing of this order." *Id.*

On November 6, 2024, the PCRA court permitted Attorney Lloyd to withdraw and appointed Attorney Stephen O'Hanlon to represent Appellant. The PCRA court ordered Attorney O'Hanlon to file a Rule 1925(b) statement. In response, on January 15, 2025, Attorney O'Hanlon filed a ***Turner***/***Finley*** letter and an application to withdraw as counsel. On February 5, 2025, the PCRA court again ordered Attorney O'Hanlon to file a Rule 1925(b) statement.

On February 10, 2025, Appellant filed a *pro se* answer to the application to withdraw, claiming that the PCRA court did not comply with this Court's order to file a Rule 1925 statement or opinion.

On February 11, 2025, Appellant filed an application entitled "Request To Change Or Remove Counsel And Request For **Grazier** Hearing." Therein, Appellant claimed that Attorney O'Hanlon performed his duties ineffectively and requested that the PCRA court hold a **Grazier** hearing.

On February 18, 2025, this Court entered an order stating that because Appellant answered Attorney O'Hanlon's **Turner**/**Finley** letter, his *pro se* answer would be presented to a panel for review of its merits.

On April 1, 2025, Appellant filed a supplemental response to Attorney O'Hanlon's **Turner**/**Finley** letter.

The Rules of Criminal Procedure provide that "the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). A PCRA petitioner, however, has the right to waive counsel and represent himself. **Grazier**, 713 A.2d at 82. **Grazier** held, "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Id.**

In **Commonwealth v. Stossel**, 17 A.3d 1286 (Pa. Super. 2011), this Court, upon consideration of the rule-based right to appointed counsel set forth in Rule 904(C), held "that where an indigent, first-time PCRA petitioner

was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Id.** at 1290. In that case, we noted that the PCRA petitioner had expressed his desire to proceed *pro se*, but the PCRA court had failed to conduct a **Grazier** hearing. **Id.** We held that a **Grazier** hearing was necessary even though the PCRA petition was patently untimely. **Id.**

Under these authorities, we are compelled to remand this case once again for a **Grazier** hearing. Appellant is a first-time PCRA petitioner, like the petitioner in **Stossel.** In May 2023, following an appeal to this Court from the denial of his PCRA petition, Appellant requested a **Grazier** hearing due to an alleged conflict with PCRA counsel, Attorney Chisholm. On June 6, 2023, this Court ordered the PCRA court to conduct a **Grazier** hearing. The PCRA court, however, never complied with this order. Instead, it filed an opinion and appointed Attorneys Lloyd and O'Hanlon to represent Appellant. Moreover, after June 6, 2023, this Court itself entered orders that were inconsistent with our June 6, 2023 directive to hold a **Grazier** hearing. **See** orders dated October 10, 2023, April 15, 2024, August 16, 2024, October 18, 2024 and February 18, 2025 (all discussed above).

Due to the lack of a **Grazier** hearing, we cannot be certain whether Appellant wants to represent himself in this appeal or whether he wants representation by counsel. The record is contradictory on this point. On one date, November 6, 2023, Appellant filed a *pro se* Pa.R.A.P. 1925 statement of

- 10 -

matters complained of on appeal, suggesting that he wanted to represent himself. At other times, Appellant seems to have desired counsel. On September 25, 2024, for example, Appellant filed an application in this Court asserting that Attorney Lloyd had abandoned him, a claim that suggests that he wanted counsel's assistance.

Our uncertainty is the direct product of the PCRA court's failure to conduct the ***Grazier*** hearing that we ordered it to conduct on June 6, 2023. To remedy this unfortunate omission, and in accordance with ***Stossel***, we order, *sua sponte*, a remand of this case to the PCRA court for a ***Grazier*** hearing to determine whether Appellant wants to represent himself in this appeal or whether he wants the assistance of counsel.

Because of the protracted nature of these PCRA proceedings, we will exercise close supervision over subsequent proceedings. We direct that within the next sixty days, the PCRA court shall both (1) hold the ***Grazier*** hearing and (2) enter a decision in which it either orders Appellant to represent himself or appoint new counsel to represent Appellant. The Clerk of the PCRA court shall immediately inform this Court of the PCRA court's decision, and we will promptly issue an additional order (or orders) concerning the course of this appeal.

Case remanded for further proceedings in accordance with this memorandum. Panel jurisdiction retained.