J-S45014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT G. MAXSON, | : | |
| | : | |
| Appellant | : | No. 1805 MDA 2017 |

Appeal from the Judgment of Sentence November 2, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003361-2016

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 20, 2018**

Albert G. Maxson ("Maxson"), *pro se*, appeals from the judgment of
sentence imposed upon the revocation of his parole.  We remand for further
proceedings.

The trial court concisely summarized the procedural history as follows:

> On or about May 5, [2]016, [Maxson] was arrested and
> charged with burglary and criminal mischief.  On August 15, 2016,
> he pleaded guilty to burglary[,] and the criminal mischief charge
> was withdrawn.  He was sentenced to 9-23 months in Dauphin
> County Prison[, plus] 2 years of County Probation.  On September
> 26, 2017, a Revocation Hearing Request form was filed[,]
> indicating [that Maxson] had violated his probation/parole for
> incurring new charges, failing to report, and failing to make
> payments on his restitution, fines and costs.  A revocation hearing
> was held [on] November 2, 2017[,[1] at the close of which the trial
> court revoked Maxson's parole and resentenced him to serve 11
> months and twenty days in prison, consecutively with a 24-month
> term of probation.]

---

[1] Maxson was represented by counsel with the Dauphin County Public
Defender's Office.

---

*   Retired Senior Judge assigned to the Superior Court.

On November 6, 201[7], [Maxson, *pro se*,] filed [a] timely Notice of Appeal [] with the Superior Court of Pennsylvania. [The trial c]ourt ordered [Maxson,] on November 28, 2017, to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). [Maxson] complied with said Order on December 14, 2017[, and filed a *pro se* Concise Statement]. No transcripts were requested. Initially, on January 30, 2018, the Superior Court dismissed the appeal for failure to file a brief. However[,] on February 2, 2018[,] that [O]rder was vacated [by the Superior Court,] and [the trial c]ourt was ordered to determine whether counsel had abandoned [Maxson]. [The trial c]ourt held a hearing on February 9, 2018, and[, by an Order entered that same date,] found that Maxson had not informed the Public Defender's Office that he wished to pursue an appeal, and he filed his Notice of Appeal *pro se*[;] thus[,] that [O]ffice was unaware of it and had not abandoned him.

Trial Court Opinion, 3/7/18, at 1-2 (footnote added). Notably to the instant appeal, the certified record does not include a transcript from the February 9, 2018 hearing. Moreover, the trial court's February 9, 2018 Order does not indicate whether the court had conducted a colloquy to determine whether Maxson's desire to waive his right to direct appeal counsel was knowing, intelligent and voluntary, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Maxson has filed a *pro se* brief raising several issues for this panel's review. Based on the record before us, however, we cannot consider these issues at this time. It is well established that a criminal appellant has a constitutional right to counsel on direct appeal. **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007). Further, a **Grazier** hearing is required before we may adjudicate an appeal, even where (1) a particular appellant

"clearly and unequivocally indicates a desire to represent himself," *Commonwealth v. Robinson*, 970 A.2d 455, 459-60 (Pa. Super. 2009); and/or (2) neither of the parties challenges the lack of a *Grazier* hearing, *see Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011), as is the situation here.

Accordingly, we remand this case for the trial court to conduct an on-the-record *Grazier* hearing within thirty days, to determine whether Maxson wants to continue to proceed *pro se*. If, however, Maxson states that he wishes to be represented by counsel, and the trial court determines that he remains indigent, the trial court shall appoint him direct appeal counsel. *See Wrecks*, *supra*.

Case remanded with instructions; panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018