J-S65019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN WAYNE LAUVER | : | |
| | : | |
| Appellant | : | No. 975 MDA 2019 |

Appeal from the Judgment of Sentence entered May 16, 2019,
in the Court of Common Pleas of Mifflin County,
Criminal Division at No(s):  CP-44-CR-0000566-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED FEBRUARY 10, 2020**

Nathan Wayne Lauver appeals *pro se* from the judgment of sentence imposed after a jury convicted him of institutional vandalism.[1]  We remand for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

The facts and procedural history are as follows:  On August 15, 2018, the Commonwealth charged Lauver with institutional vandalism and the trial court appointed counsel to represent him.  Thereafter, on December 28, 2018, Lauver filed a "Petition for Change of Appointed Counsel Due to Conflict."  The certified record contains no evidence that the trial court ruled on this petition.  By order entered January 31, 2019, the case was scheduled for jury trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3307(a)(3).

beginning on March 11, 2019. That same day, Lauver's counsel filed a petition to withdraw, based upon a breakdown in the attorney-client relationship.

The trial court held a hearing on counsel's motion to withdraw on February 19, 2019. No hearing transcript appears in the certified record. Rather, the record contains a "Waiver of Counsel" signed by Lauver and filed on that same date. The same day, the trial court entered an order granting counsel's motion to withdraw and appointing Lauver standby counsel.

On February 26, 2019, Lauver filed a *pro se* motion for continuance of his trial date, which the Commonwealth opposed. By order entered March 7, 2019, the trial court denied Lauver's request for a continuance. After considering pre-trial motions filed by Lauver, the case proceeded to a jury trial on March 20, 2019. On that date, the jury convicted Lauver of institutional vandalism. On April 1, 2019, Lauver filed a *pro se* "Post Verdict Motion For Judgment of Acquittal/Arrest of Judgment/New Trial," as well as "Motion for Bail Pending Appeal," and a "Motion for Transcripts of Proceedings." The next day, the trial court granted Lauver's request for transcripts, and deferred ruling on the remaining motions until sentencing.

On May 16 2019, the trial court sentenced Lauver to a $1,000.00 fine and a 9 to 24 months term of state incarceration. The court further ruled that bail would continue pending appeal, but if Lauver failed to file an appeal, "he shall appear at the Mifflin County Correctional Facility on June 17, 2019, for transfer to a State Correctional Institution." A transcript of the sentencing hearing does not appear in the certified record. The record does contain,

however, Lauver's written acknowledgement of post-sentence procedures, which he and standby counsel signed. There is no indication in the certified record that the trial court disposed of Lauver's post-verdict motion.

On May 24, 2019, Lauver filed a *pro se* "Post Sentence Motion For Judgment of Acquittal/Arrest of Judgment/New Trial." The trial court denied this motion on May 29, 2019. This timely *pro se* appeal followed. Both Lauver and the trial court have complied with Pa.R.A.P. 1925.

Lauver now presents this Court a *pro se* brief that presents nine issues for our review. However, before we can address these claims, we must first consider a deficiency in the certified record. As noted, Lauver appears before this Court *pro se*. There is no indication in the certified record that Lauver ever made a knowing, intelligent waiver of his right to counsel on appeal pursuant to **Grazier**. Thus, we are constrained to remand this case for proceedings consistent with the following discussion.

A criminal appellant has a constitutional right to counsel on direct appeal. **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007). Pursuant to **Grazier**, "[w]hen a waiver of the right to counsel is sought at . . . the appellate stages an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82. A **Grazier** hearing is required before we may adjudicate an appeal even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself," **Commonwealth v. Robinson**, 970 A.2d 455, 459-60 (Pa. Super. 2009) (*en banc*), and even

- 3 -

when neither of the parties challenged the lack of a hearing. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Here, although Lauver signed a waiver of counsel before he was convicted, and signed an acknowledgement of post-sentence procedures, there is no indication in the certified record that the trial court inquired, pursuant to Pa.R.Crim.P. 121(A)(2) (setting forth relevant considerations for determining whether a criminal defendant is making a knowing, intelligent, and voluntary decision to proceed *pro se*), whether Lauver desired to waive his right to counsel in this direct appeal, and, if so, whether that decision was knowing, intelligent, and voluntary. In light of the unequivocal authority cited above, we are constrained to remand this case for a proper *Grazier* hearing, including a full consideration of the factors set forth at Pa.R.Crim.P. 121(A)(2).

On remand, the trial court must hold a *Grazier* hearing and thereafter appoint counsel, if necessary. Because our remand may change the content and character of this appeal substantially, we relinquish our jurisdiction. *See Robinson*, *supra*, *Stossel*, *supra*.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2020

- 4 -