J-S09038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEE MASON MCFALLS | : | |
| Appellant | : | No. 1446 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 10, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007695-2018

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED APRIL 24, 2020**

Appellant, Lee Mason McFalls, pro se, appeals from the judgment of sentence of 72 hours to six months of confinement, which was imposed after he pleaded guilty to driving under the influence ("DUI") – general impairment – incapable of safely driving – first offense. We remand for a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

"On April 10, 2019, [Appellant], represented by Attorney Francis J. Genovese, entered into a negotiated guilty plea as to one count of [DUI. ] . . . On May 10, 2019, [Appellant], pro se, filed the instant timely notice of direct appeal.[ ]" Trial Court Opinion, dated September 13, 2019, at 1-2. On May 14, 2019, trial counsel filed a document entitled "Withdrawal of Appearance"

_____

[*] Retired Senior Judge assigned to the Superior Court.

and consisting of one sentence: "Please WITHDRAW MY APPEARANCE for the above-named defendant."

"By Order dated May 15, 2019, the [trial court] directed [Appellant] to file a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The [trial c]ourt mailed the 1925(b) Order to [Appellant]'s attorney of record at the time." Trial Court Opinion, dated September 13, 2019, at 2 & n.3.

On May 22, 2019, Appellant wrote a letter to the Montgomery County Clerk of Courts that was docketed on May 29, 2019, and stated in its entirety: For case CP-46-CR-0007695-2018, Commonwealth v. Lee Mason McFalls, please be sure to send all documents and correspondence to my mailing address as listed on this letter and on the Notice of Appeal. I have not received the 1925(b) Concise Statement Order docketed on May 15, 2019, as it was sent to my prior attorney, who filed his Withdrawal of Appearance on May 14, 2019. Please send that document and any future materials to me directly, as I am a Pro Se appellant.

"A second 1925(b) [order] was mailed directly to [Appellant] on June 6, 2019." Trial Court Opinion, dated September 13, 2019, at 2 n.3.

By Order dated June 11, 2019, counsel for [Appellant] was granted the right to withdraw from the case[.] . . . Prior to counsel's withdrawal, and without being able to hold a Grazier hearing due to [Appellant]'s incarceration in Florida, th[e trial c]ourt received [Appellant]'s pro se 1925(b) statement on

June 6, 2019.  As th[e trial c]ourt has received no further communication from [Appellant], [it] address[ed] the pro se 1925(b) concise statement [in its opinion.]

Id. at 2.

Accordingly, Appellant appears before this Court pro se.  There is no indication in the certified record that Appellant ever made a knowing, intelligent waiver of his right to counsel on appeal pursuant to Grazier.

A criminal appellant has a constitutional right to counsel on direct appeal.  Commonwealth v. Wrecks, 931 A.2d 717, 722 (Pa. Super. 2007).  Pursuant to Grazier, 713 A.2d at 82, "[w]hen a waiver of the right to counsel is sought at the . . . appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."  A Grazier hearing is required before we may adjudicate an appeal even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself," Commonwealth v. Robinson, 970 A.2d 455, 459-60 (Pa. Super. 2009) (en banc), and even when neither of the parties challenged the lack of a hearing.  See Commonwealth v. Stossel, 17 A.3d 1286, 1290 (Pa. Super. 2011).

In the current action, the trial court stated in its opinion that Appellant "made clear his intention to proceed pro se[.]"  Trial Court Opinion, dated September 13, 2019, at 2.  We disagree.  The only communication from Appellant in the certified record about the status of his representation is the

letter dated May 22, 2019, in which stated that his counsel had filed a withdrawal of appearance and that "I am a Pro Se appellant." The letter consequently is ambiguous as to whether Appellant wanted to proceed pro se or felt that he had no other choice but to represent himself after his counsel had entered a withdrawal of appearance. Assuming the letter was expressing Appellant's desire for self-representation, there is still no indication in the certified record that the trial court inquired, pursuant to Pa.R.Crim.P. 121(A)(2) (setting forth relevant considerations for determining whether a criminal defendant is making a knowing, intelligent, and voluntary decision to proceed pro se), whether that decision was knowing, intelligent, and voluntary. In light of the unequivocal authority cited above, we are constrained to remand this case for a proper Grazier hearing, including a full consideration of the factors set forth at Pa.R.Crim.P. 121(A)(2).

On remand, the trial court must hold a Grazier hearing and thereafter appoint counsel, if necessary. We recognize the logistical difficulties of arranging an Grazier hearing with Appellant incarcerated in Florida, but we find no authority allowing for an exception to Grazier for an appellant who is incarcerated out-of-state or for any other reason. As our remand may change the content and character of this appeal substantially, we relinquish our jurisdiction.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/20