**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY EDWARD ODOM | : | |
| | : | |
| Appellant | : | No. 1391 MDA 2019 |

Appeal from the PCRA Order Entered July 1, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001516-2017

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 08, 2020**

Appellant, Jeffrey Edward Odom, appeals from the July 1, 2019 order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   Although Appellant initially was represented by counsel when he filed his petition, the PCRA court permitted counsel to withdraw and Appellant to represent himself, without a hearing as required by **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. Super. 1998).   Thus, we remand to the PCRA court for a **Grazier** hearing.

Appellant pled guilty to possession of a firearm prohibited, simple assault, and recklessly endangering another person.[1]   PCRA Court Opinion, 7/1/19, at 1.  On June 18, 2018, the court sentenced Appellant to serve four to ten years of incarceration for possession of a firearm, one to two years of

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 2701(a)(3), and 2705, respectively.

incarceration for simple assault, and one to two years of incarceration for recklessly endangering another person. *Id*. Appellant's sentence was to run partly consecutively and partly concurrently for an aggregate sentence of five to twelve years of incarceration. *Id*. Appellant did not file a direct appeal.

Appellant filed a counseled PCRA petition on December 28, 2018. Following a hearing, the PCRA court denied the petition on July 1, 2019. Although he was represented by counsel, Appellant filed two *pro se* notices of appeal, one on July 17, 2019, and another on July 26, 2019. Those appeals, however, were not docketed and sent to this Court. Although hybrid representation is not permitted pursuant to Pa.R.Crim.P. 576(a)(4), the notices of appeal filed on July 17, 2019, and July 26, 2019, should have been docketed. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) (emphasis in original) (quoting Superior Court Internal Operating § 65.24 procedure and noting that "a pro se notice of appeal received from the trial court shall be docketed, **even in instances where the pro se [appellant] was represented by counsel in the trial court.**").

On either July 29 or July 30, 2019,[2] Appellant's private counsel filed a motion to withdraw.[3] The PCRA court granted counsel's motion to withdraw on July 31, 2019, without holding a hearing.

Appellant, again acting *pro se*, filed his third notice of appeal on August 21, 2019. Although the August appeal properly was docketed and forwarded to this Court, it was untimely. The notices of appeal filed on July 17, 2019, and July 26, 2019, however, were timely filed. This Court has held that a failure to forward a *pro se* notice of appeal constitutes a breakdown in the operation of the courts. **Williams**, 151 A.3d at 624, n. 5 (citing **Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015)). Thus, this Court will view the July notices of appeal as timely filed, and we will exercise jurisdiction over the instant appeal.

---

[2] The Motion to Withdraw as Counsel is marked as received both July 29, 2019 and July 30, 2019. For purposes of this appeal we will use the July 29, 2019 date.

[3] Appellant has been represented by several attorneys. Although Appellant was represented by private counsel, Korey Leslie, Esq, during the filing of his PCRA petition, he initially was represented by Joanne O'Brien, a Dauphin County public defender. Praecipe, 4/4/17. Attorney O'Brien was then replaced by privately retained counsel, Attorney Heather Reiner. Praecipe, 12/15/17; N.T. (PCRA), 2/21/19, at 4. On June 27, 2018, following Appellant's sentencing and prior to his filing a motion for post-sentence relief, Appellant retained new private counsel, Kevin Hoffman, Esq. Praecipe, 6/27/19. Appellant was represented by Attorney Leslie when he filed his December 28, 2018 PCRA petition. Attorney Leslie also is the attorney who filed the July 29, 2019 Motion to Withdraw as Counsel. Following Attorney Leslie's withdrawal, the court granted Appellant's motion for leave to proceed *in forma pauperis*. Order, 8/26/19.

Despite our exercise of jurisdiction, we are not able to reach the merits of the appeal because the PCRA court permitted Appellant's counsel to withdraw without conducting a hearing as required by *Grazier* to determine if Appellant knowingly, intelligently, and voluntarily waived his right to counsel.[4]  *Commonwealth v. Stossel*, 17 A.3d 1286 (Pa. Super. 2011). Indeed, in *Grazier*, our Supreme Court found "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."  *Grazier*, 713 A.2d at 82.[5]  "Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." *Commonwealth v. Robinson,* 970 A.2d 455, 457 (Pa. Super. 2009).  Pa.R.Crim.P. 121(a)(2) provides in relevant part:

> (2) To ensure that the defendant's waiver of the counsel is knowing, voluntary, and intelligent, the judge … at a minimum, shall elicit the following from the defendant:
>
> > (a) that the defendant understands that he or she has right to be represented by counsel, and the right to

---

[4] Although Appellant did not raise this issue in his brief, we are required to raise the issue *sua sponte* when reviewing a first time petition of an indigent petitioner*.  Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011).

[5] A *Grazier* hearing is required even where it is clear from the record that the appellant "clearly and unequivocally indicates a desire to represent himself." *Commonwealth v. Robinson*, 970 A.2d 455, 459-460 (Pa. Super. 2009).

> have free counsel appointed if the defendant is
> indigent;
>
> * * *
>
> (d) that the defendant understands that if he or she
> waives the right to counsel, the defendant will still be
> bound by the normal rules of procedure and that
> counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are
> possible defenses to the charges that counsel might
> be aware of, and if these defenses are not raised at
> trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to
> defenses, the defendant has many rights that, if not
> timely asserted, may be lost permanently; and that if
> errors occur and are not timely objected to, or
> otherwise timely raised by the defendant, these errors
> may be lost permanently.

Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f).  **See also Robinson**, 970 A.2d at 459-460 ("[W]e conclude that if a PCRA defendant indicates a desire to represent himself, it is  incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121 (A)(2)(a)(d)(e) and (f).").

In this case, the PCRA court did not hold a hearing on the matter.  In his petition to withdraw, counsel made the following averments, *inter alia*:

> 6.  On July 17, 2019, [Appellant] attempted to file a Pro Se notice
> of appeal, requests for transcripts and an application for leave to
> proceeding in forma pauperis.
>
> 7.  On July 25, 2019, the Law Offices of Korey Leslie, LLC, was
> notified that [Appellant] would like to exercise his right to appeal,
> Pro Se.

Motion to Withdraw as Counsel, 7/29/19, at ¶¶ 6-7.  There is nothing in the record evidencing Appellant's desire to proceed *pro se* beyond what is written

in counsel's motion to withdraw and the dictates of **Grazier** were not followed.[6]

Because Appellant was not given a proper **Grazier** hearing, we remand with instructions for the PCRA court to conduct a **Grazier** hearing within thirty days of the date of filing of this memorandum and to proceed accordingly based on the outcome of that hearing.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

_____

[6] In the instant case counsel did not file a **Turner/Finley** letter. **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)(*en banc*). Given the indication in counsel's motion to withdraw that Appellant wished to proceed *pro se*, the rules of criminal procedure and case law require a full colloquy prior to allowing Appellant to proceed *pro se* where counsel has not complied with **Turner/Finley**. **See Robinson**, 970 A.2d at 460 ("[A] colloquy must be held by the PCRA court of its own accord … once the defendant has expressed a desire to proceed *pro se* as long as PCRA counsel has not properly withdrawn by complying with the dictates of **Turner/Finley**").