J-S36045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAYSAL SALIM MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 33 WDA 2020 |

Appeal from the Order Entered December 10, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001033-2017

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED AUGUST 14, 2020

Faysal Salim Muhammad (Muhammad) appeals from the December 10, 2019 order of the Court of Common Pleas of Erie County (PCRA court) dismissing his first petition pursuant to the Post-Conviction Relief Act (PCRA).[1] After careful review, we vacate the order and remand for further proceedings.

We glean the following facts from the certified record. On March 8, 2017, Muhammad was charged with possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, possession of drug paraphernalia, and persons not to possess a firearm.[2] Muhammad

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9541 et seq.

[2] 35 P.S. §§ 780-113(a)(30), (16), & (32); 18 Pa.C.S. § 6105(a)(1).

possessed approximately 20 grams of heroin, a digital scale and press, over $2,000 in cash, and a loaded handgun was found in his hotel room. Muhammad had a prior felony conviction that prohibited him from possessing a firearm.

Throughout the proceedings, Muhammad was alternatively represented by the Erie County Public Defender's Office and a privately-retained attorney, and at certain stages, he waived his right to representation and proceeded pro se. After numerous pre-trial hearings and motions, Muhammad entered a counseled guilty plea to PWID and persons not to possess. The Commonwealth withdrew the remaining charges and the parties agreed that for sentencing and grading purposes, the gun would be considered unloaded. Following a written and oral colloquy, the trial court accepted the plea.

On February 25, 2019, the trial court sentenced Muhammad to two to four years' incarceration for the count of PWID and a consecutive three to six years' incarceration for the count of persons not to possess for an aggregate sentence of five to ten years of incarceration. The sentences were in the standard range of the sentencing guidelines. On March 7, 2019, Muhammad, through counsel, filed a post-sentence motion requesting that the sentences be imposed concurrently for an aggregate sentence of three to six years' incarceration. The trial court denied the motion and Muhammad did not file a timely appeal.

However, on April 29, 2019, Muhammad filed a pro se Notice of Direct Appeal alleging that his counsel was ineffective at the plea and sentencing hearings. On May 10, 2019, the PCRA court treated the Notice of Direct Appeal as a pro se PCRA petition and appointed counsel. On May 13, 2019, Muhammad filed a pro se form PCRA petition alleging that his guilty plea was unlawfully induced and that his counsel was ineffective. He alleged that he was misled regarding the grading of the offenses, the possibility of a concurrent sentence, his boot camp eligibility, and his prior record score. He requested that counsel be appointed and that he be granted a new trial.

On June 10, 2019, PCRA counsel filed an application to withdraw as counsel and a Turner/Finley[3] no merit letter concluding that the pro se petition was untimely pursuant to the PCRA's jurisdictional time bar, 42 Pa.C.S. § 9545(b), and that no exception to the time bar applied. PCRA counsel also averred that there was no arguable basis to assert any claims of ineffective assistance of counsel.

On June 11, 2019, Muhammad filed a pro se Motion to Withdraw Plea Due to Ineffective Counsel[4] reasserting his claims against trial counsel and

---

[3] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] We note that the clerk of courts consistently forwarded Muhammad's pro se filings to PCRA counsel pursuant to Pa.R.Crim.P. 576(a)(4).

raising additional claims that PCRA counsel had been ineffective by failing to communicate with him and failing to file a supplemental PCRA petition. The next day, Muhammad filed a pro se motion for a Grazier[5] hearing which simply stated that trial counsel was ineffective for failing to file a suppression motion, advising him to plead guilty, and failing to file a requested motion to withdraw his plea. However, Muhammad did not specifically request to proceed pro se in this motion.

On June 19, 2019, Muhammad filed another pro se Motion to Proceed Pro Se and Motion for a Grazier hearing. The motion again reasserted claims of ineffectiveness of trial counsel and requested that his guilty plea be withdrawn and he be granted a new trial. That same day, the PCRA court issued a memorandum and order addressing the previously-filed motions. The PCRA court ordered that Muhammad's pro se motions on June 11 and 12 be treated as amendments to his PCRA petition. Importantly, the PCRA court noted that the Motion for a Grazier hearing was "misnamed" as it dealt only with claims of trial counsel's ineffectiveness. Memorandum and Order, 6/19/19, at 1. The PCRA court further concluded that the PCRA petition was timely. As a result, the PCRA court denied PCRA counsel's motion to withdraw and ordered him to file either a supplemental PCRA petition or a revised no merit letter.

_____

[5] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

- 4 -

On July 8, 2019, Muhammad filed a pro se Supplemental PCRA setting forth the ineffectiveness claim related to trial counsel's failure to file a suppression motion in more detail. Muhammad also noted that he had not received an "answer[]" to his June 19, 2019 Motion to Proceed Pro Se. See Pro Se Supplemental PCRA at 3. On July 10, 2019, Muhammad sent a photocopy of his Motion to Proceed Pro Se to the clerk of courts with a letter stating, "[p]lease forward this to [the PCRA court] because this Motion was suppose [sic] to go to him and it never did." See Letter, 7/10/19.

On July 17, 2019, PCRA counsel filed a supplemental PCRA petition. The supplemental petition restated Muhammad's claims that he was induced to enter a guilty plea based on trial counsel's ineffectiveness and misrepresentations regarding his potential sentence. It also asserted that trial counsel failed to file a motion to withdraw his plea when Muhammad requested it, and that trial counsel was ineffective for failing to pursue a suppression motion. The supplemental petition requested that Muhammad be permitted to withdraw his guilty plea and did not address Muhammad's request to proceed pro se.

On September 24, 2019, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court concluded that there was no merit to Muhammad's argument that his guilty plea was not knowingly, intelligently and voluntarily entered, and that Muhammad could not establish his counsel was ineffective by inducing him to enter the plea.

See Notice of Intent to Dismiss, 9/24/19, at 4-5. The notice was served on the Commonwealth and PCRA counsel and provided 20 days to file objections before the petition would be dismissed.

On October 15, 2019, Muhammad filed another pro se Motion for a Grazier hearing alleging that PCRA counsel was ineffective by failing to properly demonstrate trial counsel's ineffectiveness with regard to suppression. Muhammad requested that the PCRA court "grant [him] relief to amend counsel's Supplement PCRA Motion Relief [sic], appoint new counsel and or have a hearing regarding this matter." Motion for a Grazier Hearing, 10/15/19, at unnumbered page 3. However, Muhammad then sent a letter to the clerk of courts requesting that the motion be withdrawn.

Muhammad then sent the clerk of courts two letters alleging that PCRA counsel had not communicated with him regarding the notice of intent to dismiss or provided him with a copy. See Letters, 11/22/19, 12/4/19. On December 9, 2019, Muhammad filed a Motion to Proceed Pro Se on PCRA stating that he had not received a copy of the notice of intent to dismiss and that PCRA counsel had not responded to the notice or updated him regarding the status of the case. Muhammad requested that the PCRA court "grant the Defendant relief and give [him] a chance to address the court[']s order pursuant to Pa.R.Crim.P. 907." Motion to Proceed Pro Se on PCRA, 12/9/19, at 2. Additionally, Muhammad filed a pro se Opposition to Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907.

The PCRA court dismissed the PCRA petition in an order dated December 5, 2019, and filed December 10, 2019. This order was served on the Commonwealth, PCRA counsel and Muhammad. Muhammad filed pro se notices of appeal on December 18, 2019, and January 2, 2020.[6] In the latter notice, Muhammad alleged that he had been abandoned by PCRA counsel, as counsel had failed to communicate with him, failed to respond to the notice of intent to dismiss, and failed to file a Turner/Finley letter. Muhammad attached another Motion to Proceed Pro Se on PCRA Appeal alleging that he had been abandoned by counsel and requesting that the PCRA court "grant petitioner relief so that petitioner can file a timely appeal." Motion to Proceed Pro Se on PCRA Appeal, 1/2/20, at 2. However, on January 6, 2020, PCRA counsel filed a notice of appeal from the order dismissing the petition. Counsel and the PCRA court have complied with Pa.R.A.P. 1925.

Before we address the merits of Muhammad's appeal, we must address the status of his representation. Commonwealth v. Stossel, 17 A.3d 1286, (Pa. Super. 2011) (holding that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error sua sponte and remand for the PCRA court to correct that mistake" (emphasis added)). As discussed supra, at

_____

[6] Muhammad initially filed the January 2, 2019 notice of appeal in this court, and we forwarded it to the PCRA court for filing in accordance with Pa.R.A.P. 905(a)(4).

various points in the PCRA proceedings, Muhammad filed petitions in the PCRA court seeking a Grazier hearing. The PCRA court correctly concluded that the first of these petitions was merely misnamed, as the only issues Muhammad presented related to the effectiveness of trial counsel. See Motion for a Grazier Hearing, 6/12/19; Motion to Proceed Pro Se and Motion for a Grazier Hearing, 6/19/19; Memorandum and Order, 6/19/19, at 1.

However, Muhammad's filings after the PCRA court issued its notice of intent to dismiss did seek permission to amend counsel's supplemental PCRA petition pro se and set forth allegations related to PCRA counsel's ineffectiveness. See Motion for a Grazier Hearing, 10/15/19, at unnumbered page 3; Motion to Proceed Pro Se on PCRA, 12/9/19; Notice of Appeal and Motion to Proceed Pro Se on PCRA Appeal, 1/2/20. While the clerk of courts forwarded these motions to PCRA counsel, counsel did not seek to withdraw or file his own motion for a Grazier hearing and the PCRA court did not address the motions.

This factual scenario is similar to what arose in Grazier. There, the petitioner's counseled PCRA[7] petition was dismissed, and the petitioner filed in this court a pro se notice of appeal, along with petitions to remove counsel. Grazier, supra, at 82. This court denied the first of the petitions and referred

_____

[7] The petition was filed pursuant to the Post-Conviction Hearing Act, which preceded the PCRA.

the second and third to counsel. Ultimately, counsel filed a brief on appeal and this court affirmed. Id. The petitioner then filed a pro se petition for allowance of appeal to our Supreme Court, and counsel filed a petition to withdraw. The Supreme Court determined that this court erred in denying the petitions to proceed pro se and referring them to counsel:

> In Commonwealth v. Rogers, 537 Pa. 581, 583, 645 A.2d 223, 224 (1994), the right to proceed pro se at the appellate stage was again recognized: "[i]t is well settled that a criminal defendant or appellant has the right to proceed pro se at trial and through appellate proceedings." This court held, however, that when an appellant requests pro se status after his counsel has filed an appellate brief, the request is untimely. . . . In the present case, however, appellant filed petitions to dismiss counsel and proceed pro se before an appellate brief was filed by counsel.
>
> Given appellant's timely and unequivocal request to conduct his appeal pro se, it was error to simply deny the request and refer the matter to counsel. When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.

Id.

This court has also held that when a PCRA petitioner makes an unequivocal request to proceed pro se in litigating his petition, the PCRA court must conduct a hearing in accordance with Grazier to ensure that the waiver is knowing, voluntary and intelligent. Commonwealth v. Robinson, 970 A.2d 455, 458-59 (Pa. Super. 2009) (en banc). We recognized that "'it is up to the trial court, and not counsel, to ensure that a colloquy is performed if the defendant has invoked his right to self representation.'" Id. at 458 (quoting Commonwealth v. Davido, 868 A.2d 431, 437-38 (Pa. 2005)). We

held that this right to self-representation applies in the PCRA context, and that "the importance of that right cannot be diminished merely due to its rule-based derivation." Id. Accordingly, when a petitioner seeks to represent himself in the PCRA context, the PCRA court has the duty to conduct a colloquy that complies with Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f):

> A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

Id. at 459-60 (citing Pa.R.Crim.P. 121). Thus, in Robinson, we vacated the order denying PCRA relief and remanded for a proper colloquy in accordance with Grazier, even though the petitioner had already filed a pro se brief on appeal. Id. at 460.

Here, Muhammad sought to proceed pro se after the PCRA court issued its notice of intent to dismiss the petition. See Motion to Proceed Pro Se on PCRA, 12/9/19; Notice of Appeal and Motion to Proceed Pro Se on PCRA Appeal, 1/2/20. Muhammed specifically alleged that PCRA counsel had been ineffective by failing to communicate with him regarding his claims and failing to file a response to the notice of intent to dismiss.[8] Even though Muhammad

_____

[8] To that end, Muhammed filed his own pro se Opposition to Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907. In that filing, Muhammad provided more factual detail and legal argument in support of his suppression

timely raised his clear wish to waive his right to representation and proceed pro se on appeal, the PCRA court did not conduct a Grazier hearing and colloquy to determine whether Muhammad knowingly, intelligently and voluntarily waived his right. Consequently, Muhammad has been represented on this appeal by counsel whose stewardship he challenged in the PCRA court.

Because Muhammad sought to represent himself on appeal both before and after filing his notices of appeal, the PCRA court erred in failing to conduct a hearing to determine whether Muhammad was knowingly, intelligently and voluntarily waiving his right to representation on appeal for his first PCRA petition. Grazier, supra; Robinson, supra. Thus, we vacate the order dismissing the petition and remand for a Grazier hearing. Once the hearing is conducted, the PCRA court must provide Muhammad or his counsel 20 days to respond to the notice of intent to dismiss.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

_____

claim than was set forth in counsel's supplemental PCRA petition. Compare Opposition to Notice of Intent to Dismiss, 12/9/19, at 1-7, with Supplement to Motion for Post Conviction Collateral Relief, 7/17/19, at 2. However, Muhammad's filing amounted to hybrid representation and is a legal nullity, as he was represented by counsel at the time it was filed. Commonwealth v. Williams, 151 A.3d 621, 623 (Pa. Super. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/14/2020